## The STATE ex rel. NELSON

### v.

### FUERST, Clerk.

[Cite as *State ex rel. Nelson v. Fuerst* (1995), 101 Ohio App.3d 436.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 66296.

Decided April 4, 1995.

*Carl A. Nelson, Sr., pro se.*

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Carol Shockley*, Assistant Prosecuting Attorney, for respondent.

---

SARA J. HARPER, Presiding Judge.

Relator, Carl A. Nelson, Sr., commenced this public records mandamus action pursuant to R.C. 149.43 against respondent Gerald Fuerst, Cuyahoga County Clerk of Courts, to compel the inspection and copying of the following records: (1) the state's exhibits in Cuyahoga C.P. case No. Cr. 212590, including Exhibit 19, a medical report, and various photographs; (2) any and all warrants filed, including search warrants; and (3) an index list which displays the titles of the cases presented to the Cuyahoga County Grand Jury during the September 1986 term and which indicates which cases received a true bill and which cases returned a no bill. Nelson is incarcerated for kidnapping and rape; he designated his mother, Jorene Patterson, as his representative to inspect and copy the requested records. He verified his complaint and further attached his mother's affidavit to support his claim that he has been denied access to public records. The Clerk moved to dismiss or in the alternative for summary judgment; the gravamen of this dispositive motion is that designees are not allowed in public records actions and that Nelson failed to comply with Loc.App.R. 8(B)(1) requiring "an affidavit from the plaintiff or relator specifying the details of the claim." In response Nelson filed motions for discovery, a motion to compel and a brief in opposition to the dispositive motion, which included a motion to strike. For the following reasons, this court denies the Clerk's dispositive motion, grants the writ of mandamus and denies all other outstanding motions as moot.

In his dispositive motion the Clerk stated that his office would make available for inspection and copying the records it maintains to Nelson's designee. Both he and his counsel included their telephone numbers to facilitate arrangements for access to the records. The Clerk noted, however, that his office may not possess the requested warrants. Those records would be in his files only if they were returned to his office after execution. The Clerk further observed that although his office does not keep grand jury records, it does have indices in chronological order of true bills and no bills. In a letter attached to his affidavit, the Clerk conceded such records are public records.

█ The Clerk's first argument to dismiss this mandamus action revolves around whether a requester of public records may use a designee to aid him in obtaining access to public records. When the Supreme Court of Ohio held that custodians of public records had no duty to mail copy of records to requesters in *State ex rel. Fenley v. Ohio Historical Soc.* (1992), 64 Ohio St.3d 509, 597 N.E.2d 120, and *State ex rel. Nelson v. Fuerst* (1993), 66 Ohio St.3d 47, 607 N.E.2d 836, requesters who could not travel to the custodians' offices tried to obtain access to the records by naming designees to go in their place and retrieve the records. The appellate courts soon differed on whether this practice should be allowed. Some opinions, such as *State ex rel. Larkins v. Kovacic* (May 5, 1993), Cuyahoga App. No. 64780, unreported, and *State ex rel. Carpenter v. Jones* (July 8, 1993), Cuyahoga App. No. 64991, unreported, ruled that R.C. 149.43 did not grant a clear legal right to name a designee; thus, mandamus would not lie.

The Clerk characterizes his argument in terms of standing. R.C. 149.43 grants a person allegedly aggrieved the right to enforce the statute through mandamus. The Clerk submits that under *Fenley* and *Nelson* only the person who goes to the custodian's office and is refused access to public records is the person aggrieved and only that person has standing to bring the mandamus action. Therefore, under the facts alleged, Patterson is the aggrieved person, and her right to bring the mandamus action does not inure to Nelson, even if she is seeking the records solely for him. Thus, the Clerk concludes that Nelson lacks standing.

The Supreme Court of Ohio resolved the designee issue in *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, by permitting such surrogates. Specifically, it examined *Larkins* and ruled that Larkins had acted properly by commencing a public records mandamus action after his efforts to obtain records were frustrated even though he had offered to designate a person to pick up and pay for the copies of the records. In the case *sub judice*, Nelson's position is perhaps even stronger than that of Larkins, who never named a designee. Nelson named a designee, who alleges that she went to various offices and was denied access to the records. Cf. *State ex rel. Munici v. Kovacic* (June 15, 1994), Cuyahoga App. No. 64818, unreported, 1994 WL 264265. Accordingly, the Clerk's designee-standing argument is not well founded.

■ The Clerk's other argument is that Nelson did not fulfill App.R. 8(B)(1), requiring an affidavit from him specifying the details of the claim. Specifically, the Clerk argues Nelson's affidavit is insufficient because it is not based on his personal knowledge: Nelson, incarcerated in prison, could not have personal knowledge of events at the Cuyahoga County Clerk of Courts' Office. Nelson's affidavit consists of his sworn statement that the facts in his complaint are true to his knowledge. Of the seven factual paragraphs in the petition, five are undoubtedly based on his own knowledge. In addition, he supplemented his petition with the affidavit of Patterson, who could have personal knowledge of the events in Cleveland. Reviewing the entire complaint in light of Civ.R. 1(B) and the policy to decide cases on their merits, this court holds that the complaint fulfills the requirements of App.R. 8(B)(1).

The Clerk's assurances that his office stands ready, willing and able to produce the requested records in its possession, including the grand jury index for true bills and no bills, to Nelson's designee essentially render this action moot. Nevertheless, to ensure compliance with the statute and to resolve and conclude this case, the petition for writ of mandamus is granted as follows: The respondent Clerk is ordered to allow for inspection and copying at relator's or his designee's expense those records which relator requested and which the respondent Clerk maintains, including the chronological index of grand jury true bills and no bills. Each side is to bear its own costs of this action.

*Judgment accordingly.*

PATRICIA A. BLACKMON and KARPINSKI, JJ., concur.