[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 458.]

THE STATE EX REL. SEVAYEGA, APPELLANT, *v.* REIS, APPELLEE.

THE STATE EX REL. SEVAYEGA, APPELLANT, *v.* CITY OF CLEVELAND POLICE

RECORDS DEPARTMENT, APPELLEE.

[Cite as *State ex rel. Sevayega v. Reis*, 2000-Ohio-383.]

*Public records—Mandamus sought to compel respondents to copy and mail to*
*relator certain records he had requested relating to his criminal case—*
*Dismissal of complaints affirmed.*

(Nos. 99-2251 and 99-2252—Submitted March 7, 2000—Decided May 17,

2000.)

APPEALS from the Court of Appeals for Cuyahoga County, Nos.

77297 and 77224.

———————————

{¶ 1} The Cuyahoga County Court of Common Pleas convicted appellant, Reginald Sevayega, of one count of rape and two counts of tampering with evidence and sentenced him to an aggregate prison term of eight to twenty-six years. The court of appeals affirmed the judgment of the common pleas court. *State v. Sevayega* (Sept. 22, 1994), Cuyahoga App. No. 65942, unreported, 1994 WL 521016, discretionary appeal not allowed (1995), 71 Ohio St.3d 1477, 645 N.E.2d 1257.

{¶ 2} In November 1999, Sevayega filed two complaints in the court of appeals. Sevayega alleged that appellees, Dr. Frank Reis of the Cuyahoga Community College Human Resources and Personnel Department and the records custodian of the Cleveland Police Department, had failed to copy and mail to Sevayega certain records he had requested relating to his criminal case. He claimed that he had submitted twenty dollars to each appellee to cover the costs of copying and mailing the requested records. Sevayega demanded that the court of appeals

issue writs of mandamus to compel appellees to copy and mail the requested records under R.C. 149.43, Ohio's Public Records Act. The court of appeals *sua sponte* dismissed both cases.

{¶ 3} These causes are now before the court upon appeals of right.

_____

*Reginald D. Sevayega, pro se*.

_____

**Per Curiam.**

{¶ 4} We affirm the judgments of the court of appeals for the reasons stated in its opinions. As we have consistently and unanimously held, appellees do not have a clear legal duty under R.C. 149.43 to transmit copies of requested records by mail or other means. See, *e.g., State ex rel. Porter v. Cleveland Dept. of Pub. Safety* (1998), 84 Ohio St.3d 258, 259, 703 N.E.2d 308, 309; *State ex rel. Warren v. Warner* (1999), 84 Ohio St.3d 432, 433, 704 N.E.2d 1228, 1229; *State ex rel. Iacovone v. Kaminski* (1998), 81 Ohio St.3d 189, 190, 690 N.E.2d 4, 5; *State ex rel. Mayes v. Holman* (1996), 76 Ohio St.3d 147, 149, 666 N.E.2d 1132, 1134; *State ex rel. Mancini v. Ohio Bur. of Motor Vehicles* (1994), 69 Ohio St.3d 486, 488, 633 N.E.2d 1126, 1127. And nothing prevents Sevayega from naming a designee to obtain the requested records. *State ex rel. Nelson v. Fuerst* (1995), 101 Ohio App.3d 436, 438, 655 N.E.2d 825, 826.

{¶ 5} In so holding, we recognize that R.C. 149.43 has since been amended to, among other things, require a public office to transmit copies of a public record through the United States mail if so requested. Am.Sub.S.B. No. 78, effective December 16, 1999. But this amendment applies "only to requests for the inspection or copying of public records or releases of information made on or after the effective date of that section," which is December 16, 1999. *Id.* at Section 3; see, also, *State ex rel. The Plain Dealer v. Ohio Dept. of Ins.* (1997), 80 Ohio St.3d

513, 523, 687 N.E.2d 661, 671. Therefore, this amended provision does not apply to Sevayega's requests here.

{¶ 6} And even if it did, R.C. 149.43(B)(4) now provides that "[a] public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person."

{¶ 7} Finally, to the extent that Sevayega requests records that are exempt from disclosure in order to support a future postconviction relief petition, " '[a] defendant in a criminal case who has exhausted the direct appeals of her or his conviction may not avail herself or himself of R.C. 149.43 to support a petition for postconviction relief.' " *State ex rel. Larson v. Cleveland Pub. Safety Dir.* (1996), 74 Ohio St.3d 464, 465, 659 N.E.2d 1260, 1261, quoting *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, paragraph six of the syllabus.

{¶ 8} Based on the foregoing, the judgments of the court of appeals are affirmed.

*Judgments affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK, J., not participating.

————————————