OPINION
{¶ 1} This action in mandamus is presently before this court for consideration of the motion to dismiss of respondent, the State of Ohio. As the primary grounds for this motion, respondent maintains that the instant action is not properly before us because relator, Jillian Holder, has not complied with a statutory requirement for obtaining public records. For the following reasons, we hold that the motion to dismiss has merit.
 {¶ 2} In maintaining this action, relator essentially has sought the issuance of a writ under which both respondents, the State of Ohio and Chester Township, would be required to release certain documents pertaining to a murder investigation. In support of her request for relief, relator has alleged the following in her mandamus petition: (1) in March 2001, relator was found guilty of three felony offenses in the Geauga County Court of Common Pleas; (2) after receiving her sentence for the offenses, relator filed a petition for postconviction relief with the trial court; (3) while the postconviction petition was pending, relator's counsel sent a letter to James R. Wooley, Special Prosecutor for Geauga County, asking that relator be given access to all documents in the possession of respondents relating to Wesley Pearson; (4) six days after sending the letter, counsel filed a discovery motion in the postconviction proceeding, requesting general access to the prosecutor's entire file on the underlying matter; and (5) despite receiving both the letter and the discovery motion by June 10, 2002, Attorney Wooley had not responded in behalf of both respondents as of the date of the commencement of this action in July 2002.
 {¶ 3} As the legal basis for her mandamus petition, relator has argued that both respondents have a statutory duty to allow her to see and copy all materials relating to Wesley Pearson because the materials are public records which are not exempted from review. In addition to her claim for the writ, relator has asserted a claim for attorney fees. As the basis for this second claim, she alleges that respondents have acted dilatory in responding to her document requests.
 {¶ 4} In now moving to dismiss the entire mandamus petition, the State of Ohio contends that, notwithstanding the general duty of a prosecutor to provide access to any nonexempt public record, a writ of mandamus cannot lie in this instance because relator has failed to satisfy a preliminary requirement for the release of such records to a prison inmate. Specifically, the State of Ohio maintains that her petition does not state a viable claim in mandamus because relator has failed to allege that she has complied with R.C. 149.43(B)(4). This statute provides:
 {¶ 5} "A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction *** to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution ***, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence ***, or thejudge's successor in office, finds that the information sought in thepublic record is necessary to support what appears to be a justiciableclaim of the person." (Emphasis added.)
 {¶ 6} In construing the italicized language, the Eighth Appellate District has held that when an inmate has failed to obtain the trial judge's approval, a writ of mandamus cannot be granted because the inmate does not have a clear legal right to have access to the public records.State ex rel. Mack v. Fuerst (July 19, 2001), 8th Dist. No. 79087, 2001 Ohio App. LEXIS 3245. See, also, State ex rel. Sevayega v. Reis (2000),88 Ohio St.3d 458. Accordingly, a mandamus petition before an appellate court will be subject to dismissal when an inmate has not alleged: (1) she has filed a request for the records with the trial judge who sentenced her in the underlying case; and (2) the trial judge has issued a decision stating that access to the public records is necessary for the relator to support a justiciable claim. Wilberger v. Highland HillsPolice Dept. (Mar. 22, 2001), 8th Dist. No. 79160, 2001 Ohio App. LEXIS 1312. Pursuant to this case law, R.C. 149.43(B)(4) delineates two preliminary requirements which a prison inmate must meet before her mandamus action can go forward.
 {¶ 7} In the instant action, the allegations in the mandamus petition readily show that relator is presently incarcerated in a state prison and is seeking records concerning the criminal investigation which led to her prosecution; thus, R.C. 149.43(B)(4) clearly is applicable to her document request. Despite this, relator's petition does not contain any allegations as to whether she has met the statutory requirements. First, although relator has alleged that she filed a motion for discovery with the trial judge before she brought this action, she has not expressly indicated whether this motion contained a request for a determination under R.C. 149.43(B)(4). Second, and most importantly, she has not alleged that the judge has issued a decision holding that she is entitled to have access to the public records at issue because they are necessary to support her postconviction petition.
 {¶ 8} In responding to the motion to dismiss, relator argues that she had no duty to follow R.C. 149.43(B)(4) in this particular instance because she has filed an affidavit of disqualification against the trial judge in the Supreme Court of Ohio. Essentially, she contends that we should make the determination under R.C. 149.43(B)(4) because the trial judge who sentenced her is "unavailable" to hear the matter.
 {¶ 9} As to this point, this court would again note that R.C149.43(B)(4) provides that the "necessity" decision must be made by the sentencing judge or his successor in office. In light of the specific reference to the "successor" judge, it is apparent that the General Assembly did not intend for the "necessity" decision to be made only by the trial judge who presided over the trial and imposed sentence. Stated differently, a trial judge is the appropriate judicial officer to make the determination under R.C. 149.43(B)(4) even if he has no personal knowledge of the underlying facts in the case.
 {¶ 10} Thus, by analogy, it follows that even if the original trial judge in this matter is disqualified by our Supreme Court, the new judge who is appointed to hear relator's pending postconviction petition will be the appropriate judicial officer to make the R.C. 149.43(B)(4) determination. Although relator may have a clear right under the case law of this state to review the records in question, that right can be invoked only pursuant to the specific procedure set forth in the statute. The wording of that statute simply does not support the conclusion that an appellate court can act as a substitute for a trial judge in this matter.
 {¶ 11} To be entitled to a writ of mandamus, a relator must be able demonstrate, inter alia, that she has a clear legal right to the performance of the act at issue. State ex rel. Manson v. Morris (1993),66 Ohio St.3d 440, 441. As a result, a mandamus petition is subject to dismissal under Civ.R. 12(B)(6) if the nature of the relator's allegations are such that, even when the allegations are construed in a manner most favorable to the relator, it is apparent beyond doubt that the relator will be unable to prove a set of facts under which she will have a clear legal right to the requested relief. State ex rel. Boggs v.Springfield Local School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94, 95.
 {¶ 12} Pursuant to the foregoing analysis, this court concludes that the State of Ohio, respondent, has satisfied the standard for dismissing a mandamus petition on the basis that a viable claim for relief has not been stated. That is, relator's petition is not legally sufficient to state a proper claim because, in the absence of an allegation stating that the requirements of R.C. 149.43(B)(4) have been met, she cannot prove that she has a clear legal right to have access to the public documents in question. Moreover, in light of our holding as to relator's mandamus claim, it also follows that relator will not be able to prove a set of facts entitling her to attorney fees in this matter.
 {¶ 13} As to the second respondent in this action, Chester Township, our review of the pleadings before us shows that it never joined in the State's motion to dismiss the mandamus petition. However, because a mandamus case for public records cannot be maintained by a prison inmate unless the preliminary requirements of R.C. 149.43(B)(4) have been met, the instant action cannot go forward as to any public official or entity. Under such circumstances, the dismissal of the entire action sua sponte as to Chester Township is warranted. See King v.Cuyahoga Cty. Court of Common Pleas, 8th Dist. No. 81636, 2002 Ohio 4595.[1]
 {¶ 14} Consistent with the foregoing analysis, the State of Ohio's motion to dismiss is hereby granted. It is the order of this court that relator's entire mandamus petition is dismissed as to the State of Ohio, respondent. As to the remaining respondent, Chester Township, it is the sua sponte order of this court that relator's entire mandamus petition is dismissed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD and JUDITH A. CHRISTLEY, JJ., concur.
[1] While this matter was pending, Judge Forrest Burt of the Geauga County Court of Common Pleas moved this court to dismiss relator's petition. Our review of the pleadings in this matter indicates that Judge Burt was never joined as a respondent to this case; as a result, it is not necessary for us to address the merits of his motion. However, we would indicate that if Judge Burt did not have possession of any of the public records in question, he would not have been a proper party to a mandamus action.