[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} Appellant, Jan F. Becker, appeals from an entry of the Franklin County Court of Common Pleas granting a motion for judgment on the pleadings filed by appellee, Ohio State Highway Patrol.
 {¶ 2} On March 12, 2002, appellant filed an application for a writ of mandamus with the trial court seeking an order to compel appellee to provide appellant with copies of certain records. Appellant sought the records pursuant to the Freedom of Information Act ("FOIA") and R.C.149.43.
 {¶ 3} On June 11, 2002, appellee filed a motion for judgment on the pleadings, pursuant to Civ.R. 12(C). By decision filed on July 23, 2002, the trial court granted appellee's motion for judgment on the pleadings, and the decision of the trial court was journalized by judgment entry filed on that same date.
 {¶ 4} On appeal, appellant sets forth the following ten assignments of error:
 {¶ 5} "1. Clerk John O'Grady errored [sic]: in maintaining exparte contact with the Ohio State Highway Patrol and Ohio Attorney General; to give this already filed mandamus action a ONE YEAR case plan.
 {¶ 6} "2. Judge Travis errored [sic]: by not immediately correcting the clerk's `oversight'; this HAD to be done at the judge's order; to delay the case as long as embarrassingly possible; then cite mundane technical reasons to further a United Way Conspiracy to Kidnap.
 {¶ 7} "3. Judge Travis errored [sic]: by issuing his FINAL APPEALABLE ORDER of 2002 JUL 23; resolving all outstanding claims; and determining the rights of all parties; while he furthered the conspiracy.
 {¶ 8} "4. Judge Travis errored [sic]: BY INCLUDING A PARAGRAPH of Appellant's `current convictions; WAS this provided by the Ohio Attorney General, Ohio State Highway Patrol, or by United Way itself?
 {¶ 9} "5. Judge Travis errored [sic]: in presuming that references to the DNA Database in the original action were related to some exculpatory evidence. This case proved that any DNA test can be falsified for United Way.
 {¶ 10} "6. Judge Travis errored [sic]: in answering his own questions; citing R.C. 149.43(B)(4); 1. ARE these public records? 2. WOULD the corrupt sentencing judge allow information sought in public record necessary to support justiciable claim of the prisoner?
 {¶ 11} "7. Judge Travis errored [sic]: in devoting an entire page to re-direct Appellant back to corrupt United Way trial judge as a source of records request, thereby containing conspiracy by leading it back into itself.
 {¶ 12} "8. Judge Travis errored [sic]: in citing that the Ohio State Highway Patrol had no clear and legal duty providing their own orders for warrantless arrests, or prosecuting an internal police conspiracy to kidnap.
 {¶ 13} "9. Judge Travis errored [sic]: in pretending that Appellant had a plain and adequate remedy at law; while Judge Travis knew full well the 10 YEARS of legal terrorism, Constitutional Stonewalling, false-arrests, and now false-imprisonment that Appellant has suffered under the Absolute Judicial Anarchy of United Way.
 {¶ 14} "10. Judge Travis errored [sic]: in `going through the motions' of justice for FIVE MONTHS (5); until he resolved safety for himself, or had exparte contact with the Lake County Public Defender; to protect the Ohio State Highway Patrol, Ohio Attorney General, and his own wife: Fiona Travis, in her business of counseling judiciary caught in this United Way Conspiracy to Kidnap."
 {¶ 15} At the outset, we note that appellant's pro se brief fails to comply with App.R. 16(A)(7), requiring an appellant to separately argue each assignment of error. An appellate court may disregard an assignment of error for review if the party raising it fails to argue the assignment of error separately in the brief, as required by App.R. 16(A). See App.R. 12(A)(2). However, in the interests of justice, and to the extent that we construe the assignments of error as challenging the trial court's granting of appellee's motion for judgment on the pleadings, we will address those assignments of error necessary to determine this appeal.
 {¶ 16} Appellant is an inmate incarcerated at the Mansfield Correctional Institution. According to the allegations in appellant's application for a writ of mandamus, he sent a letter to appellee on January 15, 2002, making a public records request for arrest records, investigative reports, reports of "Evidentiary and/or Scientific Informational Findings," and "Final and Closing Investigative Reports." As noted above, appellant made his request pursuant to the FOIA and R.C.149.43. The trial court, in granting appellee's motion for judgment on the pleadings, found that appellant had no legal right to the relief sought under either the FOIA or R.C. 149.43.
 {¶ 17} In order to be entitled to a writ of mandamus, a relator must show: (1) a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the requested act; and (3) the lack of a plain and adequate remedy at law. State ex rel. Hodges v. Taft (1992), 64 Ohio St.3d 1, 3. Civ.R. 12(C) states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In considering a Civ.R. 12(C) motion for judgment on the pleadings, a trial court is required to "construe as true all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party." Whaley v. Franklin Cty. Bd. of Commrs. (2001), 92 Ohio St.3d 574,581. Further, "[t]he determination of a motion for judgment on the pleadings is restricted solely to the allegations of the pleadings." Dawson v. Astrocosmos Metallurgical, Inc., Wayne App. No. 02CA0025, 2002-Ohio-6998, citing Peterson v. Teodosio (1973), 34 Ohio St.2d 161,166.
 {¶ 18} Regarding appellant's attempt to obtain records under the FOIA, the trial court properly held that appellant failed to state a claim because the FOIA applies to agencies defined as "each authority of the Government of the United States." Section 551(1), Title 5, U.S.Code. Thus, "[t]he FOIA does not apply to state agencies or officers." State ex rel. Warren v. Warner (1999), 84 Ohio St.3d 432, 433. See, also, State ex rel. Findlay Publishing Co. v. Schroeder (1996), 76 Ohio St.3d 580, 582.
 {¶ 19} We next consider the trial court's determination that the allegations in appellant's complaint did not establish a clear legal duty on the part of appellee to provide appellant with the records he seeks under R.C. 149.43. Although, in general, the public is entitled to inspect records or obtain copies of public records either at the public office or through the mail, an exception exists, under R.C. 149.43(B)(4), for those who are incarcerated and seek certain records. State ex rel. Wilberger v. Harris (Dec. 12, 2000), Cuyahoga App. No. 78521.
 {¶ 20} R.C. 149.43(B)(4) states as follows:
 {¶ 21} "A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person."
 {¶ 22} In considering the statutory language at issue, courts have held that "when an inmate has failed to obtain the trial judge's approval, a writ of mandamus cannot be granted because the inmate does not have a clear legal right to have access to the public records." Holder v. Chester Township, Geauga App. No. 2002-G-2461, 2002-Ohio-7168, citing State ex rel. Mack v. Fuerst (July 19, 2001), Cuyahoga App. No. 79087, and State ex rel. Sevayega v. Reis (2000), 88 Ohio St.3d 458. Thus, a mandamus petition before a court will be subject to dismissal when an inmate has failed to allege: (1) that he or she has filed a request for the records with the trial judge who sentenced the inmate in the underlying case; and (2) that the trial judge has issued a decision stating that access to the public records is necessary for the relator to support a justiciable claim. Holder, supra.
 {¶ 23} In the present case, the trial court found that appellant could not demonstrate that he had a clear legal right to the relief requested because he had not alleged in his application that he directed his request for records to the sentencing judge, nor had appellant alleged that the sentencing judge made the requisite finding. A review of appellant's pleading supports the trial court's determination that it is not legally sufficient to state a proper claim, and thus we conclude that the trial court properly granted appellee's motion for judgment on the pleadings.
 {¶ 24} Based upon the foregoing, appellant's ten assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
KLATT, J., and PETREE, P.J., concur.