[Cite as *Ellis v. Cuyahoga Cty. Prosecutor's Office*, 2018-Ohio-3480.]

| | |
|---|---|
| L'DDARYL D. ELLIS | Case No. 2018-00782PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | REPORT AND RECOMMENDATION |
| CUYAHOGA COUNTY PROSECUTOR'S OFFICE | |
| Respondent | |

{¶1} From November 23, 2015 to November 13, 2017, requester L'Ddaryl Ellis and two designees acting on his behalf made public records requests to employees of respondent Cuyahoga County Prosecutor's Office for copies of records "pertaining to my Criminal Case No. CR-12-568532." (Complaint at ¶ 1-2, 4-6.) The Prosecutor's Office denied each request because Ellis was a person incarcerated pursuant to a criminal conviction and had not obtained a court finding required to for an inmate to obtain records concerning a criminal investigation or prosecution. (Complaint, Exhibits A, B, H, L, and O.) On May 4, 2018, Ellis filed a complaint pursuant to R.C. 2743.75 alleging failure of respondent to provide access to public records in violation of R.C. 149.43(B). The special master determined that the case should not be referred to mediation, and directed the Prosecutor's Office to file its response, which it did on May 25, 2018.

{¶2} Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the court of claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The Public Records Act "is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996). Claims under R.C. 2743.75 are determined

using the standard of clear and convincing evidence. *Hurt v. Liberty Twp.*, 5th Dist. Delaware No. 17CAI050031, 2017-Ohio-7820, ¶ 27-30.

**A Person Has Standing to Seek Relief Based on a Designee's Request**

**{¶3}** The Prosecutor's Office asserts that Ellis lacks standing to seek enforcement of two requests made by his mother and a hired investigator on his behalf. (Complaint, Exhibits B, N.) Under R.C. 149.43(C) and R.C. 2743.75, a litigant need only be a "person allegedly aggrieved" to seek relief for a violation of R.C. 149.43(B). A requester qualifies as an "aggrieved person" if he makes a public records request either in his own name, or through a designee. *State ex rel. Quolke v. Strongsville Sch. Dist. Bd. of Educ.*, 142 Ohio St.3d 509, 2015-Ohio-1083, 33 N.E.3d 30, ¶ 21-24. *Accord State*

*ex rel. Nelson v. Fuerst*, 101 Ohio App.3d 436, 438, 655 N.E.2d 825 (8th Dist.1995).

**{¶4}** However, because Ellis' designees were in privity with him, their requests on his behalf were subject to the same limitations applying to Ellis himself. *State ex rel. Barb v. Cuyahoga Cty. Jury Commr.*, 128 Ohio St.3d 528, 2011-Ohio-1914, 947 N.E.2d 670. Therefore, all of the public records requests in the complaint will be analyzed using the standards applicable to Ellis.

**Res Judicata and Law of the Case**

**{¶5}** The doctrine of res judicata provides that a "valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. "[A]n existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." *Id.* at 382. The Prosecutor's Office states that a previous determination precludes Ellis from asserting any set of facts upon which relief may be granted, citing *Ellis v. Cleveland Police Forensic Laboratory (CPFL)*, Court of Claims No. 2018-00238PQ as "an almost identical case." (Response at 2;

Exhibit 3.) However, *Ellis v. CPFL* was brought against a different party from a separate governmental subdivision. Further, rather than arising out of a "common nucleus of operative facts," *Grava, supra*, the previous case involved only one of the records requested in the case at bar, and did not involve the potentially distinguishing factor of requests made by designees. While this court found in the previous case that Ellis had not obtained the same judicial finding required in the case at bar (Response, Exhibit 3 at 1), the Prosecutor's Office has not established that respondent Cleveland Police Forensic Laboratory is in privity with the Prosecutor's Office as required to establish either claim or issue preclusion under the principles of res judicata.

{¶6} Separately, I find the law of the case doctrine inapplicable, as this action is neither a remand from appeal or other continuation of a single case. I recommend that the motion to dismiss on these grounds be denied.

### Inmate Request for Records of Criminal Prosecution

R.C. 149.43(B)(8) provides:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * *, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

R.C. 149.43(B)(8) (formerly R.C. 149.43(B)(4)) "clearly was drafted to restrict the ability of inmates to obtain what would otherwise be easily obtainable by noninmates." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 15. "The language of the statute is broad and encompassing," and "[t]he General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources." *Id.* at ¶ 14.

{¶7} The Prosecutor's Office asserts that Ellis was a person incarcerated as the result of a criminal conviction at the time of all requests, and that Ellis did not provide the judicial finding required by R.C. 149.43(B)(8) with his request. (Response at 1.) The Prosecutor's Office provides unsworn copies of Ellis' Offender Details from the Ohio Department of Rehabilitation and Correction, as well as the criminal docket sheet from CR-12-568532-A that supports both Ellis' inmate status and his failure to seek a judicial finding. (Response, Exhibits 1, 2.) These averments and documentation are consistent with the inferences that may be drawn from the correctional institution return address in Ellis' pleadings and attachments, and his failure to reference any judicial finding in his correspondence or complaint.

{¶8} I find that the Prosecutor's Office has shown by clear and convincing evidence that Ellis was and remains incarcerated for a criminal conviction, and has not complied with the mandatory requirements of R.C. 149.43(B)(8). Accordingly, I find that the Prosecutor's Office was not required to permit Ellis or his designees to inspect or copy the withheld records of his criminal investigation or prosecution.

{¶9} I note that public records law does not deny Ellis future opportunities to request these records. First, R.C. 149.43(B)(8) provides that he may seek a finding from the sentencing court that the information requested from the Prosecutor's Office is necessary to support a justiciable claim. Second, upon the termination of Ellis' status as an incarcerated person he may choose to make a new public records request.

**Conclusion**

{¶10} Upon consideration of the pleadings and attachments, I find that Ellis has failed to establish by clear and convincing evidence that the Prosecutor's Office violated R.C. 149.43(B) with respect to his requests for records related to a criminal prosecution. I therefore recommend that the court issue an order denying Ellis' request for production of records. I recommend that costs be assessed against requester.

{¶11} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFFERY W. CLARK
Special Master

**Filed May 31, 2018**
**Sent to S.C. Reporter 8/29/18**