**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| WILLIE JOHNSON<br><br>Requester<br><br>v.<br><br>CLERK, CLEVELAND POLICE DEPARTMENT<br><br>Respondent | Case No. 2023-00031PQ<br><br>Judge Lisa L. Sadler<br><br><u>DECISION AND ENTRY</u> |

{¶1} In this public-records case, Requester Willie Johnson, a self-represented litigant, objects to a Special Master's Recommendation To Dismiss. The Court overrules Requester's objections for reasons that follow.

### I.    Background

{¶2} On January 11, 2023, Requester filed a public-records complaint against Respondent Clerk, Cleveland Police Department, asserting that Respondent denied Requester access to public records in violation of R.C. 149.43(B). Pursuant to R.C. 2743.75(D)(2), a Special Master has recommended that Requester's complaint be dismissed on grounds that Requester's claim is barred by R.C. 149.43(B)(8).

{¶3} Requester filed written objections to the Special Master's Recommendation To Dismiss.

### II.    Law and Analysis

{¶4} Through the enactment of R.C. 2743.75, the General Assembly has created an alternative means to resolve public-records disputes. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. *See* R.C. 2743.75(A). Pursuant to R.C. 2743.75(D)(2), "[n]otwithstanding any provision to the contrary in [R.C. 2743.75], upon the recommendation of the special master, the court of claims on its own motion may dismiss [a] complaint at any time." Thus, in accordance

with R.C. 2743.75(D)(2), on the Special Master's recommendation, this Court may sua sponte dismiss Requester's Complaint at any time.

{¶5} In the Recommendation To Dismiss, the Special Master notes, "Nothing in [Requester's] public records request or his complaint indicates that he obtained a judicial finding that his request was necessary to support a justiciable claim. That omission is itself sufficient grounds for dismissal.  * * * Further, [Requester] has not filed a copy of any such finding after being ordered to do so." (Recommendation To Dismiss, 3-4.)

{¶6} The Special Master's view is consistent with R.C. 149.43(B)(8) and case law.[1] *See*, *e.g.*, *Dillingham v. Butler Cty. Prosecutor's Office*, Ct. of Cl. No. 2018-01034PQ, 2018-Ohio-3654, ¶ 7 ("[i]f an inmate requesting public records concerning a criminal investigation or prosecution does not follow the requirements in R.C. 149.43(B)(8), any action to enforce his request will be dismissed"), *adopted by* 2018-Ohio-4360, 2018 Ohio Misc. LEXIS 2090 (Ohio Ct. Cl., Sept. 11, 2018), and with other case law; *State ex rel. Ellis v. Cleveland Police Forensic Laboratory*, 157 Ohio St.3d 483, 2019-Ohio-4201, 137 N.E.3d 1171, ¶ 12; *State ex rel. Bozsik v. Medina Cty. Sheriff Office*, 9th Dist. Medina No. 17CA0088-M, 2019-Ohio-3969, ¶ 12.

{¶7} A review of Requester's objections discloses that Requester claims to have sent a request to a sentencing judge, but the objections do not contain a statement establishing that a sentencing judge approved Requester's request.   Neither is Requester's objections accompanied by any evidence that Requester received judicial approval.

## III.    Conclusion

---

[1]      R.C. 149.43(B)(8) provides:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

{¶8} Pursuant to R.C. 2743.75(D)(2), and upon the Special Master's recommendation, the Court sua sponte dismisses Requester's complaint. Court costs are assessed to Requester. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

Filed May 3, 2023
Sent to S.C. Reporter 6/5/23