[Cite as *Langer v. Ohio State Univ. Office of Univ. Compliance & Integrity*, 2023-Ohio-2323.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| JESSICA F. LANGER | Case No. 2023-00195PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| THE OHIO STATE UNIVERSITY OFFICE OF UNIVERSITY COMPLIANCE AND INTEGRITY | |
| Respondent | |

{¶1} This matter is before the special master for a report and recommendation pursuant to R.C. 2743.75(F)(1). I recommend that:

- Respondent Ohio State University ("OSU") be ordered to produce a copy of the November 14, 2022, "Agreement and General Release" between it and its former president;
- Requester recover her filing fee and other costs in this action; and
- Requester be denied all other relief sought.

## I. Background.

{¶2} This case arises from the announcement that Kristina Johnson, OSU's then president, would be stepping down. It seeks to enforce four public records requests exploring the circumstances of her departure.

{¶3} Three of those requests were made by Aubrey Wright, the managing editor of *The Lantern*, OSU's student newspaper ("the Wright Requests"). Those requests were all submitted on behalf of *The Lantern* and were made to the OSU. They were as follows:

> I am requesting an opportunity to inspect or obtain copies of public records of emails and text messages within the last three months between President Kristina M. Johnson and executive vice president of research, innovation and knowledge Grace Wang in regard to any messages about the Board of Trustees and Johnson's departure.

> I am making a public records request for emails and text messages between President Kristina M. Johnson, Chief of Staff JR Blackburn, and the Board of Trustees within the last three months in regard to Johnson's annual performance review, any disciplinary action against Johnson and any indication of Johnson's departure.

> I am requesting an opportunity to inspect or obtain copies of public records of any report by a third party that addresses President Kristina M. Johnson's annual performance or any external or internal review from the last year of Johnson.

OSU responded, asserting that no responsive records existed as to two of the requests, by providing redacted records for the remaining request, and by withholding records for the remaining request based on the attorney-client privilege. *Complaint,* filed March 17, 2023, at pp. 2, 4, 6, 7; *Respondent The Ohio State University Office of University Compliance and Integrity's Response To, and motion to Dismiss, Complaint*, filed May 18, 2023 ("*MTD*"), at pp. 22, 28, 41, 65-66 ¶ 4, 66 ¶¶ 5, 6, 67 ¶¶ 7,8.[1]

{¶4} The fourth request was made by Jessica Langer, *The Lantern's* editor in chief, to OSU:

> I would like to obtain a copy of any contract, memorandum of understanding, non-disclosure agreement or other signed document between the university/and or the Board of Trustees and University President Kristina M. Johnson related to her resignation, cessation or separation of her employment from Ohio State University.

This request was also made on behalf of *The Lantern.* OSU responded by providing redacted records and withholding other records based on attorney-client privilege. *Complaint* at p.10; *MTD* at 50-64, 67 ¶ 10.

{¶5} This case was filed by Ms. Langer. Neither Ms. Wright nor *The Lantern* are parties. The undersigned was appointed as special master, and following unsuccessful mediation, set a schedule for the parties to file evidence and memoranda supporting their positions. The times for those filings have passed, and the case is ready for decision. *Order Terminating Mediation*, entered May 4, 2023.

---

[1] All references to specific pages of matters filed in this case are to pages of the PDF copies posted on the Court's online docket, rather than to any internal pagination of the filings. References to the records filed for in camera review also include citations to the Bates numbers added to those records.

## II. Analysis.

### A. OSU's motion to dismiss should be granted as to claims based on the Wright Requests, but denied as to claims based on Ms. Langer's request.

{¶6} OSU moves to dismiss this case pursuant to R.C. 2743.75(E)(2) and Civ. R. 12(B)(6). It argues that Ms. Langer cannot sue on claims arising from the Wright Requests and that claims based on her own request should be dismissed because her complaint did not include copies of all the responses to that request. I recommend that OSU's motion be granted as to claims based on the Wright Requests, but denied as to claims based on Ms. Langer's request.

### 1. Ms. Langer cannot sue on claims arising from the Wright Requests.

{¶7} There are two independently dispositive reasons why Ms. Langer cannot sue on claims based on the Wright Requests.

{¶8} *First, she was not an "aggrieved" person with regard to those requests*. This case was filed pursuant to R.C. 2743.75. Both R.C. 149.43(C)(1) and R.C. 2743.75(D)(1) require that a person invoking R.C. 2743.75 be allegedly "aggrieved" by a violation of R.C. 149.43(B). One cannot be aggrieved unless he or she makes the public records request at issue, either directly or through a designee. That is established by *State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, 71 N.E.3d 1076; *State ex rel. Quolke v. Strongsville City School Dist. Bd. of Edn.*, 142 Ohio St.3d 509, 2015-Ohio-1083, 33 N.E.3d 30, and their progeny.

{¶9} *Enquirer* held that it "that in order to be a person aggrieved *** one must first request records from the public office." 148 Ohio St.3d 595, ¶ 20. It denied relief to media requesters who did not themselves request the records at issue, even though other requesters sharing the same objective requested the same records. *Quolke* and its progeny hold that a party other than the one who actually made the request can sue to enforce it if the person who made the request was the party's designee. 142 Ohio St.3d 509, ¶¶ 21-24; *Ellis v. Cuyahoga Cty. Prosecutor's Office*, Ct. of Cl. No. 2018-00782PQ, 2018-Ohio-3480, ¶ 3. Accord *State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420, 422-423, 427, 639 N.E.2d 83 (1994) and *State ex rel. Nelson v. Fuerst*, 101 Ohio App.3d 436, 438, 655 N.E.2d 825 (8th Dist.1995).

{¶10} The Wright Requests were not made by Ms. Langer. She is therefore not aggrieved as to those requests pursuant to the rule set in the *Enquirer* case. She has not pled or argued that Ms. Wright was her designee. She had the burden of production on that point as because it goes to the existence of a proper request. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶¶ 33 (general burden of production); *Ryan v. City of Ashtabula*, Ct. of Cl. Nos. 2022-00660PQ, 2022-00665PQ, 2022-00680PQ, 2023-Ohio-621, ¶ 9, adopted 2023-Ohio01487 (Sadler, J)(requester must plead a proper request). The special master therefore recommends that the court find that Ms. Langer is not an aggrieved person as to the Wright Requests.

{¶11} *Second, Ms. Langer cannot be deemed to be suing on behalf of Ms. Wright or The Lantern because that would be the unauthorized practice of law*. R.C. 4705.01 provides that no "person shall *** commence*** any action or proceeding in which the person is not a party *** unless the person has been admitted to the bar by order of the supreme court[.]" Because of that statute, "only a licensed attorney may file pleadings on behalf of another party in court." *State ex rel. Army of the Twelve Monkeys v. Warren Cty. Court of Common Pleas*, 156 Ohio St.3d 346, 2019-Ohio-901, 126 N.E.3d 1113, ¶ 5. Complaints filed on behalf of another party by a non-attorney are a legal nullity and the resulting cases are dismissed without prejudice. *Cannabis for Cures, L.L.C. v. State Bd. of Pharmacy*, 2d Dist. Clark No. 2018-CA-12, 2018-Ohio-3193, ¶ 10. Those principles apply to cases brought pursuant to R.C. 2743.75. *Y-City News v. Tri-Valley Local School Bd. of Edn.*, Ct. of Cl. No. 2022-00113PQ, 2022-Ohio-2664, ¶¶ 9, 10 (Sheeran, J.).

{¶12} The Ohio Supreme Court's Attorney Directory[2] does not list Ms. Langer as a licensed attorney. The court may take judicial notice of that public record. *State ex rel. Pike Cty. Convention & Visitor's Bur. v. Pike Cty. Bd. of Commrs.*, 165 Ohio St.3d 590, 2021-Ohio-4031, 180 N.E.3d 1135, ¶ 3, fn. 2; *Johnson v. Clerk, Cleveland Police Dept.*, Ct. of Cl. No. 2023-00031PQ, 2023-Ohio-628, ¶ 6, adopted 2023-Ohio-1859 (Sadler, J.).

---

[2] Available at https://www.supremecourt.ohio.gov/AttorneySearch/#/search Last accessed June 12, 2023.

Both Ms. Wright and *The Lantern* are parties distinct from Ms. Langer. R.C. 4705.01 therefore prohibits Ms. Langer from pressing claims on their behalf.[3]

### 2. Ms. Langer has stated a claim based on her own request and her failure to attach some documents to her complaint does not warrant dismissal.

{¶13} The special master recommends that the court deny OSU's motion to dismiss Ms. Langer's claims based on her own public records request, for two reasons.

{¶14} First, Ms. Langer has alleged sufficient facts to state a claim. A party invoking R.C. 2743.75 must "plead *** facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *Welsh-Huggins*, 163 Ohio St.3d 337, ¶ 33. Ms. Langer's complaint shows that she made a public records request for identifiable public records. *Complaint*, p. 10. There are no facially obvious defects in that request. She also pled that the request was denied by a public office. *Id.* at p. 9. Those facts must be presumed to be true and state a claim.

{¶15} Second, OSU's argument that dismissal is warranted because Ms. Langer's complaint did not include all of the documents related to her request is at odds with precedent. This court has declined to dismiss complaints because of requesters' failure to attach documents when the missing documentation came into the record later in the proceedings and it was clear that the respondent was aware of the true state of affairs. *Ohio Crime Victim Justice Ctr. v. City of Cleveland Police Div.*, Ct. of Cl. No. 2016-00872-PQ, 2017-Ohio-8950, ¶¶ 5, 6, adopted by order of Dec. 12, 2017 (McGrath, J.); *Andes v. Ohio Attorney General's Office*, Ct. of Cl. No. 2017-00144PQ, 2017-Ohio-4251, ¶¶ 6,7, adopted by order of May 31, 2017 (McGrath, J). Dismissal has only occurred when the lack of documentation prevented the court from accurately analyzing the claims asserted. *Hunt Eng., LLC v. Ohio EPA*, Ct. of Cl. No. 2022-00243PQ, 2022-Ohio-3141, ¶¶ 15, 16,

---

[3] OSU filed a number of records for in camera review that it apparently views as responsive to the Wright Requests, but exempted from production by some provision of law. *In Camera Submission of Respondent The Ohio State University Office of Compliance and Integrity*, filed May 18, 2023, at pp.18/Bates 7, 20/Bates 8 through 23/Bates 11, 29/Bates 15 through 32/Bates 18, 34/Bates 19 through 45/bates 30, and 47/Bates 31 through 52/Bates 36. OSU need not produce those records in response to this case because the claims based on the Wright Requests are not properly before the Court.

adopted 2022-Ohio-3557 (Sheeran, J.). The missing documents are now in the record through OSU's filings. *MTD* at pp. 58-64, 67-68, ¶¶ 9,10. The fact that OSU put those documents into the record shows that OSU is fully aware of the facts surrounding the request. Finally, their presence allows the court to accurately evaluate the parties' contentions. Dismissal on this basis would be a departure from precedent.

**B.      Langer's request should be denied in part and enforced in part.**

{¶16} OSU produced some records in response to Ms. Langer's request, but redacted one of those records. *Complaint*, p. 9; *MTD*, pp. 50, 53-64, 67 ¶ 10.  OSU also withheld two separate records based on attorney-client privilege. One was a November 13, 2022, memorandum from OSU's General Counsel to its then President ("the Memorandum"). *MTD*, pp. 50, 67-68, ¶¶ 10-11, *In Camera Submission of Respondent The Ohio State University Office of Compliance and Integrity*, filed May 18, 2023 ("*In Camera Records*") pp. 25-27/Bates 12-14. The other was a November 14, 2022, Agreement and General Release between OSU and its then President. *Id.* at pp. 11-16/Bates 1-6 ("the Agreement"). The special master recommends that the redactions be upheld, that OSU's withholding of the Memorandum be upheld, and that OSU be ordered to produce the Agreement.

### 1.  OSU properly redacted the documents it produced to Ms. Langer.

{¶17} OSU redacted Ms. Johnson's home address from its letter offering her the presidency of the university. *Complaint*, p. 9; *MTD*, pp. 50, 53-64, 67-68 ¶¶ 10, 11. It argues that was proper because the redacted material was not a record within the meaning of R.C. 149.011(G) and hence was not a public record under R.C. 149.43. The special master recommends that the court sustain the redaction because Ms. Langer has not met her burden of proving that the redacted address was a record.

{¶18} A R.C. 2743.75 "complainant's 'burden of production' is to *** prove facts showing that the requester sought an identifiable *public record*[.]" *Welsh-Huggins* 163 Ohio St.3d 337, ¶ 33 (emphasis added.). Since "'public record' means *records* kept by any public office," R.C. 149.43(A)(1) (emphasis sic.), that requires proof that the material is a "record" as defined by R.C. 149.011(G).

{¶19} The requester must provide that proof. In *State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, the Dispatch requested materials that the public offices denied were records. The Court stated that "the Dispatch must prove that" the materials were records. *Id.* at ¶ 19 The Court further noted that if "the Dispatch fails to prove" the defining elements of a record, it would "not be entitled to *** compel access to the requested" materials. *Id.* It later concluded that the "The Dispatch [was] not entitled to" the materials because it "did not prove that [they] were records." *Id.* at ¶ 44. See also, *Id.* at ¶ 22 ("the Dispatch must establish that" the disputed materials had the defining attributes of a record). The same burden was imposed *in State ex rel. O'Shea & Assocs. Co., L.P.A. v. Cuyahoga Metro. Hous. Auth.*, 131 Ohio St3d 149, 2012-Ohio-115, 962 N.E.2d 297, ¶ 23. Among the things that must be shown is that the requested materials serve to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office, something that is usually not true of public employees' home addresses*. Dispatch*, *supra*.

{¶20} Ms. Langer filed no evidence. She has therefore failed to prove that the redacted information served to document OSU's organization, functions, policies, decisions, procedures, operations, or other activities. Her claim to the redacted information fails for want of proof.

   **2. OSU has not shown that the attorney-client privilege applies to the all records it withheld.**
      **a. OSU has the burden of proving that the withheld records are squarely within the attorney-client privilege**.

{¶21} OSU must carry a heavy burden of proof to sustain its claim of privilege. That is established by cases construing both the Public Records Act and the attorney-client privilege itself.

{¶22} "It has long been the policy of this state, as reflected in the Public Records Act *** that open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft*, 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. The Court has therefore "repeatedly espoused" the principle "that "R.C. 149.43 *** is

construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." *Id.*

{¶23} Because of that, a public office asserting an exemption from its general duty to provide access to public records bears the burden to "prove facts clearly establishing the applicability of the exemption." *Welsh-Huggins*, 163 Ohio St.3d 337, ¶ 27. See also, *Id.* at ¶¶ 35, 54. That burden must be carried with "competent, admissible evidence[.]" *Id.* at ¶¶ 53, 77. "Unsupported conclusory statements in an affidavit are insufficient." *Id.* at 35.

{¶24} The office must make a strong showing. It "does not meet this burden if it has not proven that the requested records fall *squarely* within the exception," and the courts "resolve any doubt in favor of disclosure." *Id.* at ¶¶ 27, 63 (emphasis added). See also *id.* at ¶¶ 50, 63. Given that, "it is not enough to say that a record is *probably* within a statutorily prescribed exemption[.]" *Id.* at ¶ 63 (emphasis sic.).

{¶25} Courts determine whether an office has met that burden by conducting "an individualized scrutiny of the records in question." *Id.* at ¶ 29. The public office must produce extrinsic evidence if the applicability of the exemption is "not obviously apparent and manifest just from the content of the record itself[.]" *Id.* at, ¶ 35. See also *id.* at ¶¶ 30, 50, 53.

{¶26} Similar principles and standards control the attorney-client privilege. Because the privilege hinders the pursuit of the truth, claims of privilege are examined "with the primary assumption that there is a general duty to give what [information] one is capable of giving, and that any exemptions *** are distinctly exceptional[.]" *In re Story*, 159 Ohio St. 144, 148, 111 N.E.2d 385 (1953). "The investigation of truth and the enforcement of testimonial duty demand the restriction, not the expansion, of these privileges," so the privilege "should be recognized only within the narrowest limits required by principle." *Id.* at 149. Accord*, Perfection Corp. v. Travelers Cas. & Sur.*, 153 Ohio App.3d 28, 2003-Ohio-3358, 790 N.E.2d 817, ¶ 26 (8th Dist.) ("The privilege *** should be strictly confined within the narrowest possible limits underlying its purposes"). In short, there "must be good reason, plainly shown" for applying the privilege. *In re Story*, 159 Ohio St. at 149.

{¶27} Because of those principles, "the party claiming the privilege has the burden of proving that the privilege applies[.]" *Westfield Ins. Group v. Silco Fire & Sec*., 5th Dist. Stark No. 2018CA00122, 2019-Ohio-2697, ¶ 47(authorities and internal punctuation omitted); *MA Equip. Leasing I, LLC v. Tilton*, 2012-Ohio-4668, 980 N.E.2d 1072 (10th Dist.), ¶ 21. That requires proof of every element of the privilege. *Cincinnati Enquirer v. Hamilton Cty. Bd. of Commrs*., Ct. of Cl. No. 2019-00789PQ, 2020-Ohio-4856, ¶ 20, adopted 2020-Ohio-5281(McGrath, J.); *Williams v. Duke Energy Corp*., S.D. Ohio No. 1:08-cv-00046, 2014 U.S. Dist. LEXIS 109835, at *14 (Aug. 8, 2014); *Soc. Corp. v. Am. Cas. Co*., N.D. Ohio CASE NO. 1:91CV0327, 1991 U.S. Dist. LEXIS 21180, at *4 (July 24, 1991). See also, *MA Equip. Leasing*, 980 N.E.2d 1072, ¶ 20 ("There is no material difference between Ohio's attorney-client privilege and the federal attorney client privilege"). The privilege applies:

> "'(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.'" *State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, 985 N.E.2d 467, ¶ 27.

### a. OSU properly withheld the memorandum from its General Counsel to its then President.

{¶28} The record here shows that the Memorandum is covered by the attorney-client privilege.

{¶29} Initially, the Memorandum is a communication between a professional legal advisor and her client, within the meaning of the second and fifth *Lanham* requirements. It is from Anne Garcia, OSU's General Counsel, and is directed to Kristina Johnson, OSU's then President. *In Camera Records*, p. 25/Bates 12. Adm. Code 3335-1-03(E) establishes that, as OSU's General Counsel, Ms. Garcia "serve[d] as the chief legal advisor to the president," Ms. Johnson. These elements are established.

{¶**30**} The Memorandum conveyed legal advice for purposes of the first and third *Lanham* benchmarks. It provided legal advice because it set forth Attorney Garcia's analysis of the contractual rights and obligations of OSU and then President Johnson. *Ambrose v. City of White Plains*, S.D.N.Y., 2011 U.S. Dist. LEXIS 172178 (Sep. 30, 2011), ** 27-28; *AU New Haven, LLC v. YKK Corp.*, S.D.N.Y. No. 15-CV-03411 (GHW)(SN), 2017 U.S. Dist. LEXIS 176102 (Oct. 24, 2017), ** 24, 26. It was sought by the client, as evidenced by the President Johnson signature. *In Camera Records* at p. 27/Bates 14. That satisfies the first and third *Lanham* conditions.

{¶**31**} The communications made through the Memorandum were made and kept in confidence. The privilege was expressly invoked at the time the Memorandum issued. *Id.* at p. 25/Bates 12. OSU employees under the ultimate supervision of President Johnson asserted the privilege in response to Ms. Langer's public records request. *Complaint* at p. 9; *MTD* at p. 53. OSU has continued to assert the privilege in this case. That satisfies the fourth, sixth, seventh, and eighth *Lanham* requirements.

### b. OSU has not proven that the contract between it and former President Johnson sought or communicated legal advice.

{¶**32**} The other withheld record is a final version of an "Agreement and General Release" between OSU and Former President Johnson. *In Camera Records*, pp. *Id.* at pp. 11-16/Bates 1-6. OSU has provided no extrinsic evidence regarding the Agreement other than affidavit testimony identifying it as one of the withheld records. *MTD*, p. 68, ¶ 11. The Agreement's privileged status must therefore be determined from four corners of the document.

{¶**33**} Nothing in the Agreement establishes the first and third requirements for attorney-client privilege: that the disputed material seeks or communicates about legal advice. It contains nothing that can be construed as a request for advice from either Johnson or OSU. Further, it communicates no legal advice or information facilitating advice. Draft contracts can contain such communications, *Muller v. Walt Disney Prods.*, 871 F.Supp. 678, 682 (S.D.N.Y.1994); *Upsher-Smith Laboratories v. Mylan Laboratories*, 944 F.Supp. 1411, 1445 (D.Minn.1996); *Andritz Sprout-Bauer v. Beazer E.*, 174 F.R.D. 609, 633 (M.D.Pa.1997); *SEPTA v. CaremarkPCS Health, L.P.*, 254 F.R.D. 253, 265

(E.D.Pa.2008), but this is not a draft. It has no redlines, discernable deletions, comments, or other advice focused communications between OSU's counsel and Johnson or other OSU officials. cf. *State ex rel. Hogan Lovells U.S., L.L.P. v. Ohio Dept. of Rehab. & Correction*, 165 Ohio St.3d 368, 2021-Ohio-1762, 179 N.E.3d 1150, ¶¶ 25-28 (record reflecting counsel's input is privileged).

{¶34} Instead, it is a final, signed, agreement and final contracts are not privileged. *Smith v. Ohio State Univ. Office of Compliance & Integrity*, Ct. of Cl. No. 2021-00400PQ, 2022-Ohio-2657, ¶ 21 (Sheeran, J.); *United States ex rel. Fago v. M&T Mtge. Corp.*, 242 F.R.D. 16, 22 (D.D.C.2007); *SodexoMAGIC, LLC v. Drexel Univ.*, 291 F. Supp. 3d 681, 686 (E.D.Pa.2018) (Regarding email 11). That makes sense, final contracts do not communicate legal advice, but instead memorialize the situation *after* the contracting parties have received advice. Further, they are communications between adverse parties. Given the lack of extrinsic evidence that the Agreement somehow communicated legal advice or a request for advice, OSU has failed to prove that this record is privileged.

## C. Costs.

{¶35} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office or person responsible for the public records the amount of the filing fee of twenty-five dollars and any other costs associated with the action[.]" Ms. Langer was aggrieved because OSU failed to produce the agreement. She is therefore entitled to recover her filing fee and all costs incurred in this case.

## III. Conclusion.

{¶36} In light of the foregoing, the special master recommends that:

- Respondent be ordered to produce the record filed at pp. 11-16/Bates 1-6 of the *In Camera Records*;
- The Requester recover her filing fee and her other costs of this action; and
- That Requester be denied all other relief sought.

{¶37} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's*

*adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____

TODD MARTI
Special Master

**Filed June 13, 2023**
**Sent to S.C. Reporter 7/7/23**