[Cite as *Townsend v. Cuyahoga Cty. Prosecutor*, 2019-Ohio-5105.]

| | |
|---|---|
| ALBERT J. TOWNSEND | Case No. 2019-00922PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>DECISION AND ENTRY</u> |
| CUYAHOGA COUNTY PROSECUTOR, et al. | |
| Respondents | |

{¶1} Requester Albert J. Townsend, an inmate, objects to a special master's report and recommendation (R&R) of October 4, 2019, wherein the special master has recommended denial of Townsend's claim for production of records.

## I.  **Background**

{¶2} On August 30, 2019, pursuant to R.C. 2743.75(D), Townsend sued Cuyahoga County Prosecutor Michael O'Malley and Judge Daniel Gaul, alleging a denial of access to public records.  The court appointed a special master in the cause.  The court, through the special master, referred the case to mediation.  After mediation failed to successfully resolve all disputed issues between the parties, the Cuyahoga County Prosecutor (Prosecutor) filed a response to Townsend's complaint.[1]  On October 4, 2019, the special master issued a R&R wherein the special master

---

[1] Judge Daniel Gaul did not file a response to Townsend's complaint.  The court takes judicial notice that Judge Gaul is a judge of the Common Pleas Court, General Division, of Cuyahoga County, Ohio.  *See* Evid.R. 201(C).  Notwithstanding that the Cuyahoga County Prosecutor did not file a notice of appearance on behalf of Judge Gaul, the court presumes that the Cuyahoga County Prosecutor represents Judge Gaul in this matter.  *See* Cuyahoga Cty Charter, Article IV, Section 4.01 (requiring the duties of the elected Cuyahoga County Prosecutor to be determined in the manner provided by general law); R.C. 309.09(A) (requiring a prosecuting attorney to be the legal adviser of the board of county commissioners, board of elections, all other county officers and boards, and all tax-supported public libraries and requiring the prosecuting attorney to prosecute and defend all suits and actions that any such officer, board, or tax-supported public library directs or to which it is a party, and no county officer may employ any other counsel or attorney at the expense of the county, except as provided in R.C. 305.14).  *See also* 1988 Ohio Atty. Gen.Ops No. 55, paragraph one of the syllabus (a common pleas court judge is a county officer for purposes of R.C. 305.14 and R.C. 309.09).

determined that Townsend failed to show by clear and convincing evidence that respondents committed any violation of R.C. 149.43(B) and the special master recommended denying Townsend's request for production of documents. (R&R, 5.)

{¶3} On October 25, 2019, Townsend filed written objections to the R&R. Townsend did not accompany his objections with a completed proof of service.

{¶4} On November 1, 2019—two business days after a copy of Townsend's objections was received by the Prosecutor's counsel—the Prosecutor, through counsel, filed a response to Townsend's objections. The Prosecutor maintains that Townsend is not entitled to the records that he seeks because Townsend has failed to comply with requirements contained in R.C. 149.43(B)(8). The Prosecutor's response is accompanied by completed proof of service wherein counsel certifies that a copy of the response was served on Townsend by certified mail, return receipt requested.

## II. Law and Analysis

{¶5} R.C. 2743.75(F)(2) governs objections to a special master's R&R issued under R.C. 2743.75. Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶6} According to Townsend, he received a copy of the R&R on October 15, 2019, at the Grafton Reintegration Center. (Objections, ¶ 3.) A review of the docket discloses that Townsend filed his objections on October 25, 2019—seven business

days after he purportedly received a copy of the R&R. The court determines that Townsend's objections are timely filed.

{¶7} However, Townsend's written objections are not accompanied by a completed proof of service. Under R.C. 2743.75(F)(2) a party who objects to a R&R is required to send a copy of the objections to the other party by certified mail, return receipt requested. R.C. 2743.75(F)(2). And, pursuant to Civ.R. 5(B)(4), a served document "shall be accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made, and be signed in accordance with Civ.R. 11. *Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed.*" (Emphasis added.) Thus, although Townsend's objections are timely filed, the objections are nonetheless procedurally deficient.

{¶8} Even assuming for the sake of argument, however, that Townsend's written objections were not procedurally deficient, in the objections Townsend does not challenge the special master's finding that Townsend has failed to show that he followed the mandatory procedures set out in R.C. 149.43(B)(8), which provides that a public office or person responsible for public records "is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation * * * *unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * * or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.*" R.C. 149.43(B). Absent compliance with R.C. 149.43(B)(8), Townsend is not entitled to the requested records under the Ohio Public Records Act. *See State ex rel. Barb v. Cuyahoga Cty. Jury Commr.*, 124 Ohio St.3d 238, 2010-Ohio-120, 921 N.E.2d

236, ¶ 1 (determining that an inmate was not entitled to the requested records because the inmate did not comply with R.C. 149.43(B)(8)).

{¶9} Additionally, Townsend's contention in the objections that the special master "never once * * * contacted the Requester * * * either by mail, phone, or in person to have given Mr. Townsend the opportunity to speak concerning the issues mentioned" is unavailing because R.C. 2743.75 does not require the special master to make such contact.  *See* R.C. 2743.75(E)(2) and (3) and (F)(1).

### III. Conclusion

{¶10} For reasons set forth above, the court OVERRULES Townsend's objections of October 25, 2019.  The court adopts the special master's R&R of October 4, 2019.  Judgment is rendered in favor of respondents.  Court costs are assessed against Townsend.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed November 6, 2019**
**Sent to S.C. Reporter 12/11/19**