[Cite as *Whitehead v. Ohio Dept. of Rehab. & Corr. Bur. of Record Mgt.*, 2021-Ohio-1900.]

| | |
|---|---|
| DENNIS WHITEHEAD | Case No. 2020-00116PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION AND ENTRY</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION-BUREAU OF RECORD MANAGEMENT | |
| Respondent | |

{¶1} Requester Dennis Whitehead objects to a Supplemental Report and Recommendation issued on April 15, 2021. The Court overrules Whitehead's objections for reasons set forth below.

## I. Background

{¶2} On February 18, 2020, pursuant to R.C. 2743.75(D), Whitehead, a self-represented litigant, brought a civil lawsuit against Respondent Ohio Department of Rehabilitation and Correction – Bureau of Record Management (ODRC) in which he alleged a denial of access to public records. Whitehead sought certain information from ODRC about Posteal Laskey, a former inmate who is deceased. Whitehead represented that he is writing a nonfiction book on a series of strangulation murders during the mid-1960s in Cincinnati, Ohio. The court appointed a Special Master in the cause. The Special Master referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the matter was returned to the Special Master's docket.

{¶3} On September 8, 2020, the Special Master issued a Report and Recommendation in which he recommended ordering ODRC to release certain records. ODRC objected. The Court issued a Decision and Entry on October 1, 2020, wherein it sustained one objection and overruled another. The Court, however, did not adopt the R&R. Rather, the Court "direct[ed] the special master to issue a supplemental R&R

advising the court (1) whether R.C. 5120.21(F) should apply in this instance to an inmate who was formerly committed to ODRC and (2) whether in this matter R.C. 5120.21(F) precludes ODRC from being compelled to produce additional records, since, according to R.C. 5120.21(F), records of inmates committed to ODRC are not considered public records as defined in R.C. 149.43." The Court remanded the matter to the Special Master "for further proceedings consistent with this decision, which may include a referral of this cause to mediation if both parties agree." And the Court permitted either party to object to the supplemental R&R. The Court stated: "*Either party may object to the supplemental R&R within 10 days after the supplemental R&R is issued by filing a written objection with the clerk and sending a copy to the other party in accordance with service requirements contained in Civ.R. 5.* If either party timely objects, the other party may file with the clerk a response within 10 days after an objection is served and send a copy to the other party in accordance with service requirements contained in Civ.R. 5. The court defers rendering a final judgment until after a supplemental R&R is issued and the parties have been afforded an opportunity to file objections and responses thereto." (Emphasis added.)

{¶4} The Special Master thereafter referred the case to mediation. Additional mediation, however, failed to successfully resolve all disputed issues between the parties. On April 15, 2021, the Special Master issued a Supplemental R&R wherein he "recommends the court find that R.C. 5120.21(F) applies to the remaining records withheld by ODRC but does not itself preclude further disclosure" and he recommends that court costs be assessed equally between the parties. (Supplemental R&R, 4.)

{¶5} On April 26, 2021, Whitehead filed written objections to the Supplemental R&R. Whitehead's objections were not accompanied by a completed proof of service. The next day—on April 27, 2021—Whitehead filed a document wherein he stated: "Due to technical difficulties, Requester is unable to print and send by Certified Mail copies of the Objection to the Supplemental Report and Recommendation until April 28, 2021.

Both counsels for Respondent received emailed copies of the Objection on April 26, 2021." Whitehead also filed another copy of this written objections on April 27, 2021, which are substantially similar to the objections filed on April 26, 2021.

{¶6} ODRC has filed a response to Whitehead's objections. ODRC asks the Court to overrule Whitehead's objections and adopt the Supplemental R&R.

## II. Law and Analysis

{¶7} When Whitehead filed his objections on April 26, 2021, Whitehead failed to accompany his objections with proof of completed service. Thus, Whitehead failed to comply with this Court's order of October 1, 2020, which required a party to send a copy of written objections to the Supplemental R&R to the other party "in accordance with service requirements contained in Civ.R. 5." *See* Civ.R. 5(A) (generally requiring every pleading subsequent to the original complaint to be served upon a party unless the court otherwise orders).

{¶8} The Court is cognizant that Whitehead is a self-represented litigant. However, this Court's orders—as well as the Ohio Rules of Civil Procedure—are not aspirational and they are not intended to be casually disregarded. *See State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept of Job & Family Servs.*, 145 Ohio App. 3d 651, 654, 763 N.E.2d 1238 (2001) ("'[i]t is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel'"); *Travelers Cas. & Sur. Co. of Am. v. E. Beach Dev. LLC*, S.D.Ala. No. 07-0347-WS-B, 2008 U.S. Dist. LEXIS 60030, at *65 (Aug. 7, 2008), fn. 36 (stating that the "Federal Rules of Civil Procedure are not aspirational, and may not be casually disregarded by parties at their option").

{¶9} Pursuant to R.C. 2743.03(D), the Ohio Rules of Civil Procedure "shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with this chapter." Civ.R. 5(B)(4) provides, "The served document shall be

accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made, and be signed in accordance with Civ.R. 11. *Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed.*" (Emphasis added.)

{¶10} Even if Whitehead's filing of April 27, 2021 is construed as a separately endorsed proof of service in satisfaction of Civ.R. 5(B)(4), which, in turn, enables the Court to consider Whitehead's objections, the Court finds that, notwithstanding Whitehead's objections, the Special Master has correctly concluded in the Supplemental R&R that R.C. 5120.21(F) applies to the remaining records withheld by ODRC.[1]  Whitehead's objections to the Special Master's Supplemental R&R are therefore not well taken.

**III. Conclusion**

{¶11} The Court OVERRULES Whitehead's objections to the Special Master's Supplemental R&R of April 15, 2021.  The Court adopts the Special Master's Supplemental R&R.  Judgment is rendered in favor of ODRC.  Court costs are

---

[1]     R.C. 5120.21(F) provides, "Except as otherwise provided in [R.C. 5120.21(C)], records of inmates committed to the department of rehabilitation and correction as well as records of persons under the supervision of the adult parole authority shall not be considered public records as defined in [R.C. 149.43]."  *See* R.C. 5120.21(C) (provisions concerning release of an inmate's medical record).

assessed equally between the parties.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


_____
PATRICK E. SHEERAN
Judge

**Filed May 6, 2021**
**Sent to S.C. Reporter 6/4/21**