[Cite as *State ex rel. Barb v. Cuyahoga Cty. Jury Commr.*, 124 Ohio St.3d 238, 2010-Ohio-120.]

THE STATE EX REL. BARB, APPELLANT, *v.* CUYAHOGA COUNTY JURY

COMMISSIONER, APPELLEE.

[Cite as *State ex rel. Barb v. Cuyahoga Cty. Jury Commr.*,

124 Ohio St.3d 238, 2010-Ohio-120.]

*Appeal from dismissal of a complaint for a writ of mandamus — Failure to comply with R.C. 149.43(B)(8) — Judgment affirmed.*

(No. 2009-1442 ─ Submitted January 13, 2010 ─ Decided January 21, 2010.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 93326,

2009-Ohio-3301.

_____

**Per Curiam.**

{¶ 1}   We affirm the judgment of the court of appeals denying the writ of mandamus sought by appellant, inmate Danny Barb, to compel appellee, the Cuyahoga County Jury Commissioner, to provide lists of prospective jurors and jurors who served in three criminal cases in which Barb was the defendant.  Barb is not entitled to the requested records because he did not comply with R.C. 149.43(B)(8), which requires a finding by Barb's sentencing judge or the judge's successor that the requested information is necessary to support what appears to be a justiciable claim.  *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 16.  Although we acknowledge that a person's status as a designee and the person's purpose in obtaining records are not normally issues in public-records cases, see *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 427, 639 N.E.2d 83, R.C. 149.43(B)(8) provides an exception in which incarcerated persons and the purpose for which they seek records relating to a criminal investigation or prosecution are dispositive.

*Steckman* is further inapposite here because Barb's purported designee did not institute the mandamus action.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Danny Barb, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellee.

_____