[Cite as *State ex rel. Barb v. Cuyahoga Cty. Jury Commr.,* 128 Ohio St.3d 528, 2011-Ohio-1914.]

THE STATE EX REL. BARB, APPELLANT, *v.* CUYAHOGA COUNTY JURY COMMISSIONER, APPELLEE.

[Cite as *State ex rel. Barb v. Cuyahoga Cty. Jury Commr.,* 128 Ohio St.3d 528, 2011-Ohio-1914.]

*Mandamus — Petition seeking order compelling access to verdict forms and list of prospective jurors — Writ denied — Res judicata bars claim as relator was in privity with previous relator seeking same records — R.C. 149.43(B)(8) requires finding by sentencing judge that records were necessary to support justiciable claim.*

(No. 2011-0051 — Submitted April 19, 2011 — Decided April 26, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 95005, 2010-Ohio-6190.

————————————

**Per Curiam.**

**{¶ 1}** We affirm the judgment of the court of appeals denying the writ of mandamus sought by appellant, Herbert E. Barb Jr., for verdict forms and lists of prospective jurors in criminal cases involving his brother, inmate Danny Barb. Res judicata barred Herbert from instituting his own mandamus action seeking some of the same records that his brother requested because–as Danny's designee–he was in privity with him. *State ex rel. Barb v. Cuyahoga Cty. Jury Commr.*, 124 Ohio St.3d 238, 2010-Ohio-120, 921 N.E.2d 236; *State ex rel. Roberson v. Mason*, Cuyahoga App. No. 91783, 2009-Ohio-1884, ¶ 8-9. And Danny cannot circumvent the requirement of R.C. 149.43(B)(8), which requires a finding by his sentencing judge or the judge's successor that the requested information is necessary to support what appears to be a justiciable claim, by designating his brother to request the records for him. As the court of appeals

concluded, "Herbert may not do indirectly what Danny is prohibited from doing directly."

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Herbert Barb Jr., pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellee.

_____