**[Cite as *Ellis v. Cuyahoga Cty. Prosecutor's Office*, 2018-Ohio-3479.]**

| | |
|---|---|
| L'DDARYL D. ELLIS | Case No. 2018-00782PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>DECISION</u> |
| CUYAHOGA COUNTY PROSECUTOR'S OFFICE | |
| Respondent | |

**{¶1}** Before the court are (1) Special Master Jeffery W. Clark's report and recommendation of May 31, 2018, (2) requester L'Ddaryl D. Ellis's objections of June 11, 2018 to Special Master Clark's report and recommendation, and (3) respondent Cuyahoga County Prosecutor's Office's response of June 27, 2018 to Ellis's objections. For reasons set forth below, the court holds that Ellis's objections should be overruled and that the special master's report and recommendation should be modified.

## <u>Background and Procedural History</u>

**{¶2}** On May 4, 2018, Ellis filed a complaint in this court against respondent Cuyahoga County Prosecutor's Office. Ellis alleged:

- On December 4, 2015 the Cuyahoga County Prosecutor's office denied him access to public records concerning his criminal case (criminal case No. CR-12-568532);

- On December 22, 2015, the Cuyahoga County Prosecutor's Office denied an identical public-records request by his mother for records concerning Ellis's criminal case;

- On March 27, 2017, the prosecutor's office denied another public records request made by Ellis pertaining to records concerning his criminal case;

- On November 16, 2017, the prosecutor's office denied Ellis's request "pertaining to the same file's [sic] I previously requested pertaining to my Criminal Case No. CR-12-568532;" and

- On November 28, 2017, the prosecutor's office denied a request made by a private investigator, who was hired by Ellis's aunt, relative to a public-records request concerning Ellis' criminal case.

After Ellis filed his complaint, the court appointed Jeffery W. Clark as a special master in the cause. And after the court appointed Clark as special master, the Cuyahoga County Prosecutor's Office filed a Civ.R. 12(B)(6) motion, urging the court to dismiss Ellis' action for failure to state a claim.

{¶3} On May 31, 2018, Special Master Clark issued a report and recommendation. In this report and recommendation, Special Master Clark made no express recommendation relative to the prosecutor's Civ.R. 12(B)(6) motion. But the special master did conclude that Ellis had failed to establish by clear and convincing evidence that the Cuyahoga County Prosecutor's Office violated R.C. 149.43(B). Special Master Clark found that the Cuyahoga County Prosecutor's Office "has shown by clear and convincing evidence that Ellis was and remains incarcerated for a criminal conviction, and has not complied with the mandatory requirements of R.C. 149.43(B)(8)" and the Special Master Clark found that the prosecutor's office "was not required to permit Ellis or his designees to inspect or copy the withheld records of his criminal investigation or prosecution." (Report and Recommendation, 4.) In the report and recommendation's conclusion, Special Master Clark stated: "Upon consideration of the pleadings and attachments, I find that Ellis has failed to establish by clear and convincing evidence that the Prosecutor's Office violated R.C. 149.43(B) with respect to his requests for records related to a criminal prosecution. I therefore recommend that the court issue an order denying Ellis' request for production of records. I recommend that costs be assessed against requester." (Report and Recommendation, 4.)

**{¶4}** The court forwarded a copy of Special Master Clark's report and recommendation to Ellis and the prosecutor's office. The court's docket indicates that a copy of the special master's report and recommendation was delivered to Ellis on June 4, 2018. And Ellis confirms that he received a copy of the report and recommendation on June 4, 2018. See Objections, 1 ("The Requester did not receive the Special Master's Recommendation until June 4, 2018").

**{¶5}** On June 11, 2018—seven days after Ellis received a copy of the special master's report and recommendation—Ellis filed written objections to the special master's report and recommendation. In a certificate of service, Ellis represents that, on June 6, 2018, he sent a copy of his objections via "Certified/Registered/Return Receipt U.S. Mail" to the Cuyahoga County Prosecutor's Office. By his objections, Ellis essentially claims that his designees are entitled to information requested under the Ohio Public Records Act and that the special master erred in concluding that, because Ellis's designees were in privity with him, the requests made by Ellis's designees were subject to the same limitations that applied to Ellis himself.

**{¶6}** The court forwarded by certified mail a copy of Ellis's objections to defense counsel. According to the court's docket, defense counsel received a copy of Ellis's objections on June 20, 2018. Seven days later—on June 27, 2018—the Cuyahoga County Prosecutor's Office, through counsel, filed a response to Ellis's written objections. According to the certificate of service accompanying the prosecutor's office's response, counsel for the prosecutor's office sent a copy of the response to Ellis "via U.S. Mail, postage prepaid."

## Law and Analysis

**{¶7}** Pursuant to R.C. 2743.75(A), this court has authority to adjudicate or resolve complaints based on alleged violations of R.C. 149.43(B). R.C. 2743.75(F)(2) governs objections to a report and recommendation issued by a special master of this court.

Pursuant to R.C. 2743.75(F)(2):

Either party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. Any objection to the report and recommendation shall be specific and state with particularity all grounds for the objection. If neither party timely objects, the court of claims shall promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation. If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation.

Here, Ellis has filed his objections with seven business days after receiving the special master's report and recommendation. Ellis objections are thus timely filed. And in his certificate of service, Ellis represents that he served a copy of his objections on respondent by certified mail, return receipt requested in accordance with R.C. 2743.75(F)(2).

{¶8} Additionally, the court finds that prosecutor's office's response to Ellis's objections is timely filed because the prosecutor's office filed a response within seven business days after receiving the copy of Ellis's objections that the court forwarded to the prosecutor's office. However, the prosecutor's office's response does not fully comport with requirements contained in R.C. 2743.75(F)(2) because, according to the certificate of service accompanying the prosecutor's office's response, counsel for the prosecutor's office did not send a copy of the response to Ellis by certified mail, return receipt requested, as required by R.C. 2343.75(F)(2). Because the prosecutor's office failed to fully comply with procedural requirements contained in R.C. 2743.75(F)(2) when it filed its response, the prosecutor's office's non-conforming filing properly may be stricken. *See* McCormac and Solimine, *Anderson's Ohio Civil Practice with Forms*, Section 6.12 (2016 Ed.) ("a court has an inherent right to strike pleadings from the file

where its rules are being violated or grossly abused"); *see also Barrette v. Lopez*, 132 Ohio App.3d 406, 416-417, 725 N.E.2d 314 (7th Dist. 1999) ("a trial court is vested with broad discretion over the admission and exclusion of evidence. * * * Thus, even in the absence of an objection, the trial court has the inherent authority to exclude or strike evidence on its own motion"). However, in the interest of justice, the court will accept the prosecutor's office's response as filed.

{¶9} In the report and recommendation, the special master stated: "The Prosecutor's Office provides unsworn copies of Ellis' Offender Details from the Ohio Department of Rehabilitation and Correction, as well as the criminal docket sheet from CR-12-568532-A that supports both Ellis' inmate status and his failure to seek a judicial finding [required under R.C. 149.43(B)(8)]. (Response, Exhibits 1, 2.) These averments and documentation are consistent with the inferences that may be drawn from the correctional institution return address in Ellis' pleadings and attachments, and his failure to reference any judicial finding in his correspondence or complaint." (Report and Recommendation, 4.)

{¶10} A review of the record before the court discloses a letter dated December 4, 2015 from the Cuyahoga County Prosecutor's Office to Ellis, which Ellis appended to his complaint. This letter indicates that, as of December 4, 2015, Ellis was incarcerated at Trumbull Correctional Institution and that, as of December 4, 2015, Ellis was assigned an inmate number: #641-151. And a review of Ellis's complaint discloses that Ellis lists his current address as "5701 Burnett Road, Leavittsburg, Ohio, 44430." The court takes judicial notice that the address that Ellis lists in his complaint is the address for Trumbull Correctional Institution. *See State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, 71 N.E.3d 1076, ¶ 16 ("Under Evid.R. 201, a court may take judicial notice of adjudicative facts 'i.e., the facts of the case' "); Evid.R. 201(B) (a judicially noticed fact "must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial

court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

{¶11} If the factual representations in the letter dated December 4, 2015, which are incorporated in Ellis's complaint are presumed to be true, *see State ex rel. Crabtree v. Franklin County Bd. of Health*, 77 Ohio St.3d 247, 249, 673 N.E.2d 1281 (1997), fn. 1 (material "incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss"), and if the factual representations in Ellis's complaint are presumed to be true and if all reasonable inferences therefrom are construed in Ellis's favor, a reasonable inference exists that Ellis is incarcerated and that Ellis is incarcerated pursuant to a criminal conviction.

{¶12} R.C. 149.43(B)(8), which concerns the availability of public records to incarcerated persons, thus applies in this instance. R.C. 149.43(B)(8) provides:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, *unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.*

(Emphasis added.) Here, even assuming that Ellis's public-records requests were for the purpose of acquiring information that is subject to release as a public record under R.C. 149.43(B), the complaint and attendant exhibits do not reference an entry from the judge who imposed Ellis's sentence or made an adjudication with respect to Ellis, or the judge's successor in office, wherein the judge or the judge's successor finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of Ellis. Neither does Ellis represent in his objections that he possesses such an entry. Thus, in accordance with R.C. 149.43(B)(8) Ellis is not

entitled to the records that he seeks. And in this instance the Cuyahoga County Prosecutor's Office is not required to produce the documents requested by Ellis. *See* R.C. 149.43(B)(1) (stating in part that "[u]pon request and subject to division (B)(8) of this section, all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Subject to division (B)(8) of this section, upon request, a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time").

{¶13} Additionally, in this instance Ellis's designees, who made request for the records to which Ellis himself is not entitled, are not entitled to the records. *See State ex rel. Barb v. Cuyahoga Cty. Jury Commr.*, 128 Ohio St.3d 528, 2011-Ohio-1914, 947 N.E.2d 670. In *Barb*, Herbert E. Barb, Jr. asked an appellate court to issue a writ of mandamus to compel the production of verdict forms and lists of prospective jurors in criminal cases involving his brother, inmate Danny Barb. The appellate court denied a writ of mandamus. Herbert E. Barb, Jr., appealed to the Ohio Supreme Court, and the Ohio Supreme Court affirmed the appellate court's judgment. In *Barb*, the Ohio Supreme Court concluded that res judicata barred Herbert from instituting his own mandamus action seeking some of the same records that his brother requested because—as Danny's designee—he was in privity with him. And the Ohio Supreme Court stated: "And Danny cannot circumvent the requirement of R.C. 149.43(B)(8), which requires a finding by his sentencing judge or the judge's successor that the requested information is necessary to support what appears to be a justiciable claim, by designating his brother to request the records for him. As the court of appeals concluded, 'Herbert may not do indirectly what Danny is prohibited from doing directly.'" *Barb* at ¶ 1. *Barb* supports Special Master Clark's finding that the Cuyahoga County Prosecutor's Office "was not required to permit Ellis or his designees to inspect or copy the withheld records of his criminal investigation or prosecution." (Report and Recommendation, 4.)

**{¶14}** Thus, construing Ellis's complaint with its attendant attachments in a light most favorable to Ellis, presuming all factual allegations in the complaint are true, and making all reasonable inferences in favor of Ellis, it appears beyond doubt that Ellis has failed to prove a set of facts entitling him to relief. It follows that Ellis has failed to state a claim upon which relief can be granted and that a reasoned basis exists to support the granting of the prosecutor's office's motion to dismiss. The court therefore modifies the special master's report and recommendation to indicate that the prosecutor's office's contention that Ellis has failed to state a claim upon which relief can be granted is not wholly without merit.

## **Conclusion**

**{¶15}** Accordingly, for reasons set forth above, the court holds that Ellis's objections filed on June 11, 2018 should be overruled. The court determines that the special master's report and recommendation should be modified as set forth in this decision.

PATRICK M. MCGRATH
Judge

[Cite as *Ellis v. Cuyahoga Cty. Prosecutor's Office*, 2018-Ohio-3479.]

| | |
|---|---|
| L'DDARYL D. ELLIS | Case No. 2018-00782PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>JUDGMENT ENTRY</u> |
| CUYAHOGA COUNTY PROSECUTOR'S OFFICE | |
| Respondent | |

{¶16} For reasons set forth in the decision filed concurrently herewith, and upon independent review of the objected matters, the court OVERRULES Ellis's objections filed on June 11, 2016. The court ADOPTS the special master's report and recommendation filed on May 31, 2018, including the findings of fact and conclusions of law contained in it, as modified by the concurrently filed decision. Judgment is rendered in favor of respondent Cuyahoga County Prosecutor's Office. Court costs are assessed against Ellis. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed July 3, 2018**
**Sent to S.C. Reporter 8/29/18**