[Cite as *State ex rel. Bozsik v. Medina Cty. Sheriff Office*, 2019-Ohio-3969.]

STATE OF OHIO      )                 IN THE COURT OF APPEALS
                 )ss:              NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA  )

STATE EX REL. STEVEN A. BOZSIK            C.A. No. 17CA0088-M

     Relator

     v.

MEDINA COUNTY SHERIFF OFFICE          ORIGINAL ACTION IN MANDAMUS

     Respondent

Dated: September 30, 2019

PER CURIAM.

**{¶1}** Relator, Steven A. Bozsik, filed this action in mandamus to compel Respondent, the Medina County Sheriff's Office, to provide specific documents related to three specific requests. The Sheriff's Office moved to dismiss and Mr. Bozsik responded in opposition. For the following reasons, this Court grants the motion to dismiss.

**{¶2}** According to the complaint, Mr. Bozsik sent public records requests to the Sheriff's Office to request various documents. After the Sheriff's Office provided some documents, the request eventually focused on personnel records for a specific Sheriff's

Office detective.  Mr. Bozsik alleged that the Sheriff's Office did not provide the requested documents.

{¶3}   We must address one procedural matter before considering the motion to dismiss.  Mr. Bozsik, who is incarcerated and a vexatious litigator, filed an application for leave to file a motion for leave to amend his complaint.  His application for leave indicated that the purpose of the motion was to correct his address (caused by a change in the prison in which he is held in custody) and to narrow the focus of the complaint to only the documents the Sheriff's Office has not yet provided because, since the first complaint was filed, the Sheriff's Office has provided some of the requested documents.  Pursuant to R.C. 2323.52(F)(2), this Court cannot grant an application for leave unless it determines both that it is not an abuse of process and that reasonable grounds for it exist.  Upon review, this Court cannot conclude both that it is not an abuse of process and that reasonable grounds for it exist.  Accordingly, the application for leave to amend the complaint is denied.  With those procedural matters resolved, we turn to the complaint and motion to dismiss.

{¶4}   Mr. Bozsik submitted a public records request to the Sheriff's Office.  The Sheriff's Office provided some, but not all, of the requested documents.  For the documents it did not provide, it sent a letter to Mr. Bozsik explaining why it would not provide the records.  The appropriate remedy to compel compliance with the Public Records Act, R.C. Chapter 149, is mandamus.  *State ex rel. Physicians Committee for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, ¶ 6.  Generally, "Although '[w]e construe the Public Records Act liberally in

favor of broad access and resolve any doubt in favor of disclosure of public records,' * * * the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence." *State ex rel. Motor Carrier Serv., Inc. v. Rankin*, 135 Ohio St.3d 395, 2013-Ohio-1505, ¶ 18, quoting *State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288, ¶ 6. In a public records case, the relator does not need to establish that there is no adequate remedy at law, generally a requirement for a relator to obtain mandamus relief. *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, ¶ 24.

{¶5} "If a record does not meet the definition of a public record, or falls within one of the exceptions to the law, the records custodian has no obligation to disclose the document." *State ex rel. Plunderbund Media v. Born*, 141 Ohio St.3d 422, 2014-Ohio-3679, ¶ 18. In this respect, however, the approach is generally one allowing open access:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception.

*State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, paragraph two of the syllabus. But this is not an ordinary case.

{¶6} Under R.C. 149.43(A)(1), records kept by any public office are "public records" unless they fall under an exception. The General Assembly, through the Public Records Act, has granted a substantive right to inspect and copy public records. *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, ¶ 19. The Public Records Act, however, contains a significant exception that applies to this matter.

{¶7} R.C. 149.43(B)(8) limits the right of inmates to access certain records. When a person is incarcerated, like Mr. Bozsik, and that person requests public records, the sentencing judge, or his successor, must authorize the release of the records:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * * with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

R.C. 149.43(B)(8). This provision requires the sentencing court to first determine that the information sought in the public records is necessary to support a justiciable claim. *State ex rel. Husband v. Shanahan*, Slip Opinion No. 2019-Ohio-1853, ¶ 3.

{¶8} The Sheriff's Office moved to dismiss Mr. Bozsik's complaint pursuant to Civ.R. 12(B)(6). When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7.

{¶9} The Sheriff's Office first noted that it has provided Mr. Bozsik with the organizational chart he requested (which Mr. Bozsik acknowledged in a later, unrelated, filing). It then argued that Mr. Bozsik failed to comply with R.C. 149.43(B)(8) for the

documents requested about the detective. Mr. Bozsik's complaint concedes as much. In paragraph ten of the complaint, Mr. Bozsik asserted that he had not made "any request for his criminal conviction records causing the exemptions in [R.C.] 149.43(B)(8) to be enforced."

{¶10} The Sheriff's Office disputed Mr. Bozsik's characterization of his request. It noted that Mr. Bozsik has engaged in years of litigation involving his claims that the detective, whose records he seeks, has been involved in perjury, tampering with evidence, obstruction of justice, dereliction of duty, and conspiracy, among others. While the Sheriff's Office infers that it is reasonable to conclude that Mr. Bozsik sought this detective's personnel records to support a claim related to his criminal conviction, it has only moved to dismiss, not for summary judgment, where this Court could consider evidence beyond that which is contained in the complaint.

{¶11} We need not consider the Sheriff's Office's factual questions to resolve its motion to dismiss. The question before us is a legal one: under the statute, was Mr. Bozsik required to ask the sentencing judge, or his successor, to "find[] that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person." The language of R.C. 149.43(B)(8) "is broad and encompassing." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 14 (interpreting R.C. 149.43(B)(4), which formerly contained nearly identical language). This section "clearly sets forth heightened requirements for inmates seeking public records. * * * The General Assembly clearly evidenced a public-policy decision

to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources." *Id.*

**{¶12}** A person's purpose in obtaining public records is not normally an issue in public records cases, but "R.C. 149.43(B)(8) provides an exception in which incarcerated persons and the purpose for which they seek records relating to a criminal investigation or prosecution are dispositive." *State ex rel. Barb v. Cuyahoga Cty. Jury Commr.*, 124 Ohio St.3d 238, 2010-Ohio-120, ¶ 1. The Ohio Supreme Court has recognized the prisoner status of the person requesting public records as implicating the requirement under R.C. 149.43(B)(8) that the prisoner seek the required finding from the sentencing judge. *See, e.g., State ex rel. Chatfield v. Flautt*, 131 Ohio St.3d 383, 2012-Ohio-1294, ¶ 1. The Supreme Court described the standard broadly, applying the statutory requirement to "incarcerated criminal offender[s]:"

> R.C. 149.43(B)(8) requires an incarcerated criminal offender who seeks records relating to an inmate's criminal prosecution to obtain a finding by the sentencing judge or the judge's successor that the requested information is necessary to support what appears to be a justiciable claim. *State ex rel. Chatfield v. Flautt*, 131 Ohio St.3d 383, 2012-Ohio-1294, 965 N.E.2d 304. Fernbach did not obtain such a finding.

*State ex rel. Fernbach v. Brush*, 133 Ohio St.3d 151, 2012-Ohio-4214, ¶ 2. These cases make clear that a prisoner must obtain a finding by the sentencing judge, or his successor, that the requested information is necessary to support what appears to be a justiciable claim. Mr. Bozsik admittedly failed to do this.

**{¶13}** Mr. Bozsik, in his complaint and in his response to the Sheriff's Office's motion to dismiss, alleged that he did not make a request for records that would implicate

R.C. 149.43(B)(8). This mere allegation in his complaint, however, is insufficient to meet his burden. As the Supreme Court has recognized, the General Assembly placed heightened requirements on inmates seeking public records. *Russell* at ¶ 14. The statute restricts an inmate's unlimited access to public records. *Id.* This provision, "which sets out the requirements for an inmate to obtain public records, clearly was drafted to restrict the ability of inmates to obtain what would otherwise be easily obtainable by noninmates." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 15.

{¶14} Mr. Bozsik carried the burden to seek the finding required by the successor to his sentencing judge to be entitled to public records or to allege sufficient facts to demonstrate that his request was unrelated to his criminal prosecution. He chose not to do so at his peril, because R.C. 149.43(B)(8) places a heavy burden on prisoners when they request public records. Mr. Bozsik could have sought the finding from the successor to his sentencing judge to meet this burden. The conclusory allegation in his complaint that he "did not make any request for his criminal conviction records" fell short of what was necessary to demonstrate that R.C. 149.43(B)(8) did not apply to his request.

{¶15} Mr. Bozsik admitted in his complaint that he did not seek the finding of the successor to his sentencing judge that is required by R.C. 149.43(B)(8). Having failed to obtain that finding, Mr. Bozsik cannot prevail on the facts he alleged in his complaint, and the complaint is dismissed.

**{¶16}** Costs of this action are taxed to Relator. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).


JULIE A. SCHAFER
FOR THE COURT


TEODOSIO, J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

STEVEN A. BOZSIK, Pro se, Relator.

TIMOTHY T. REID and KENNETH E. SMITH, Attorneys at Law, for Respondent.