[Cite as *HSH Investigations, L.L.C. v. Stark Cty. Sheriff's Office*, 2021-Ohio-2705.]

| | |
|---|---|
| HSH INVESTIGATIONS LLC | Case No. 2021-00285PQ |
| Requester | Special Master Jeff Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| STARK COUNTY SHERIFF'S OFFICE | |
| Respondent | |

{¶1} The Ohio Public Records Act (PRA) requires copies of public records to be made available to any person upon request. The state policy underlying the PRA is that open government serves the public interest and our democratic system. To that end, the public records statute must be construed liberally in favor of broad access, with any doubt resolved in favor of disclosure of public records. *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 6. This action is filed under R.C. 2743.75, which provides an expeditious and economical procedure to enforce the PRA in the Court of Claims.

{¶2} On or about April 6, 2021, requester HSH Investigations made a public records request to respondent Stark County Sheriff's Office for

> any and all records/evidence pertaining to case, regarding Daemon Ford DOB: 6/8/77, who was arrested on indictment issued 12/12/14. Mr. Ford was arrested on 12/16/2014 by Stark County Sheriff's Department on 25 different charges. Any reports to include investigative reports, warrants, witness statements (video or written), lab reports, body cams, wire taps, evidence, deputy's involved and/or any other information about this case or charges. Any Confidential Informants and promises or payments made to them in the investigation. I would also like to obtain any charges, statements, interviews (video, recorded, or written) promises made pertaining to individuals listed. Please send all requested information electronically to hshinvestigation@gmail.com or by mail to HSH Investigations PO BOX 201722, Denver CO 80220. Thank you for your time and consideration of my request.

Others involved:

[16 names with DOBs]

(Complaint at 3.) On May 4, 2021, the Sheriff's Office denied the request because HSH made the request on behalf of a client who was a person incarcerated pursuant to a criminal conviction and had not submitted the court finding required for an inmate to obtain records concerning any criminal investigation or prosecution. (*Id.* at 4.) On May 25, 2021, HSH filed a complaint pursuant to R.C. 2743.75 alleging failure of the Sheriff's Office to provide access to public records in violation of R.C. 149.43(B). Following unsuccessful mediation, the Sheriff's Office filed a motion to dismiss or alternatively for summary judgment (Response).

**Motion to Dismiss**

{¶3} To dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the claimant can prove no set of facts warranting relief after all factual allegations of the complaint are presumed true and all reasonable inferences are made in claimant's favor. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581, 669 N.E.2d 835 (1996). As long as there is a set of facts consistent with the complaint that would allow the claimant to recover, dismissal for failure to state a claim is not proper. *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 10.

{¶4} The Sheriff's Office argues the complaint fails to state a claim because 1) R.C. 149.43(B)(8) bars the designee of an incarcerated person from requesting records of any law enforcement investigation, 2) state and federal law prohibits disclosure of requested electronic surveillance records, 3) the claim for production of records is barred by res judicata, 4) records that would disclose the identity of uncharged suspects, confidential sources, and specific confidential investigatory techniques or procedures are excepted from disclosure, and 5) the complaint is moot. On review, none of these defenses is conclusively shown on the face of the complaint and the

attachments. Moreover, as the matter is now fully briefed these arguments are subsumed in the Sheriff's Office's defense on the merits. It is therefore recommended that that the motion to dismiss be denied.

**Initial Burden of Proof**

{¶5} A requester must establish a public records violation by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). At the outset, a requester bears the burden to show that he seeks identifiable public records pursuant to R.C. 149.43(B)(1). *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, Slip Opinion No. 2020-Ohio-5371, ¶ 33. The parties do not dispute that many requested items are records kept by the Sheriff's Office.

{¶6} Analysis next turns to two threshold defenses; res judicata and R.C. 149.43(B)(8).

**Res Judicata**

{¶7} The doctrine of res judicata provides that a "valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. "[A]n existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." *Id.* at 382.

{¶8} The Sheriff's Office states that a previous determination precludes HSH from asserting any set of facts upon which relief may be granted, referencing the criminal court's post-conviction denial of a request made by Daemon Ford "to release 108 lab reports along with the police reports that show the alleged incidents where we were found in possession of the alleged drugs." (Response at 9-10; Exh. F and G.) However, HSH was not a party to the criminal proceeding. Nor is it clear that Ford was requesting a finding from the criminal court "that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person" as

required by R.C. 149.43(B)(8). What is clear is that the criminal court disposed of the motion as a post-trial request for discovery rather than either a public records request or a request for an R.C. 149.43(B)(8) finding. The trial court's judgment entry held only that "[t]here is no right to discovery or to compel production of documents in a postconviction relief proceeding," citing an appellate decision also limited to denial of any post-conviction right to discovery: *State v. Lange,* 5th Dist. Stark No. 2009 CA 00187, 2010-Ohio-3975, ¶ 21. (Exh. G.) The entry contains no determination as to whether the records sought were "necessary to support what appears to be a justiciable claim of" Mr. Ford.

{¶9} The Sheriff's Office cites *State ex rel. Barb v. Cuyahoga Cty. Jury Commr.*, 8th Dist. Cuyahoga No. 95005, 2010-Ohio-6190, *aff'd*, 128 Ohio St.3d 528, 2011-Ohio-1914, 947 N.E.2d 670, as an example of res judicata barring a public records request by a subsequent designee. However, the facts of that case are inapposite. Barb framed his request as one under the Public Records Act and sought to enforce it through a mandamus action. *Id.* at ¶ 4. On the evidence before this court, the special master concludes that the decision attached as Exh. G was not between the parties to this action and did not determine a public records claim arising out of the transaction or occurrence that is the subject matter of the instant action. The special master recommends the court find that HSH's claim is not barred by res judicata.

**Inmate Request for Records of Criminal Investigation or Prosecution**

{¶10} Although neither Ford nor HSH have obtained a prior determination to which res judicata applies, HSH is bound by Ford's R.C. 149.43(B)(8) requirements as his designee or in privity at the time of the instant request. *State ex rel. Barb v. Cuyahoga Cty. Jury Commr.*, 128 Ohio St.3d 528, 2011-Ohio-1914, 947 N.E.2d 670 ¶ 1. *Accord State ex rel. Summers v. Fox,* Slip Opinion No. 2020-Ohio-5585, ¶ 30. The status of privity or designee must be shown by clear and convincing evidence. *Id.* at ¶ 33.

{¶11} R.C. 149.43(B)(8) provides:

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * *, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

R.C. 149.43(B)(8) (formerly R.C. 149.43(B)(4)) "clearly was drafted to restrict the ability of inmates to obtain what would otherwise be easily obtainable by noninmates." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 15. "The language of the statute is broad and encompassing," and "[t]he General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources." *Id*. at ¶ 14.

{¶12} In its denial letter, the Sheriff's Office referenced HSH's verbal confirmation that inmate Daemon Ford was its "client" for the purposes of this public records request. (Complaint at 4.) The parties do not dispute that Ford was a person incarcerated pursuant to a criminal conviction at the time of the request. (*Id*.; Response at 10.) HSH responded with "Thank you for your response in regard to my request for Mr. Ford [sic] Public Records Request," stating that it was "requesting the information in order to provide legal aid (investigative/paralegal) to my client which is a 'Constitutional Right of all Citizens!'" (Exh. K.) Although HSH added that it did not intend to send the records to Mr. Ford (*Id*.), the relationship of privity is one of contractually shared interest, not necessarily of shared possession.[1] Unlike the requester in *Summers*, who sought only to independently benefit his inmate son by publishing public records on a Facebook page, HSH was employed by Ford to provide investigative/paralegal legal aid regarding

---

[1] See https://thelawdictionary.org/privity/ (Accessed July 2, 2021.)

his criminal conviction. The facts here resemble those in *State ex rel. Barb v. Cuyahoga Cty. Jury Commr.*, 8th Dist. Cuyahoga No. 95005, 2010-Ohio-6190, ¶ 7, where the requester "was seeking the records in an effort to prove that [the inmate] was denied a fair trial." *Summers* at ¶ 32-34.

{¶13} Separately, HSH's assertion of "my request *for Mr. Ford* [sic] *Public Records Request*," establishes that as part of their professional relationship Ford designated HSH to make the request on his behalf. The special master finds that HSH was both the designee of, and in contractual privity with, Ford for the purposes of R.C. 149.43(B)(8).

{¶14} A person who is incarcerated pursuant to a criminal conviction "cannot circumvent the requirement of R.C. 149.43(B)(8), which requires a finding by his sentencing judge or the judge's successor that the requested information is necessary to support what appears to be a justiciable claim, by designating [another person] to request the records for him." *Barb*, 128 Ohio St.3d 528, 2011-Ohio-1914, 947 N.E.2d 670 ¶ 1. Because HSH has not produced the required finding from "the judge who imposed the sentence * * *, or the judge's successor in office" that "the information sought in the public record is necessary to support what appears to be a justiciable claim of the person," it cannot demonstrate an enforceable claim to the requested investigatory records. *Staats v. Ferrero*, 5th Dist. Stark No. 2015CA00173, 2016-Ohio-4789, ¶ 7-8.

{¶15} The special master finds the Sheriff's Office has shown by clear and convincing evidence that HSH was in privity with and the designee of a person who is incarcerated pursuant to a criminal conviction. There is no evidence in the record that either HSH or its client Daemon Ford complied with R.C. 149.43(B)(8) to obtain the mandatory finding of the sentencing judge prerequisite to any public records request for investigatory records on Mr. Ford's behalf. The special master concludes that the

Sheriff's Office was not required to allow HSH to inspect or copy records of any criminal investigation.

**Suggestion of Mootness**

{¶16} In an action to enforce R.C. 149.43(B), a public office may produce requested records prior to the court's decision and thereby render the claim for production moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 22. The Sheriff's Office asserts that prior to the filing of the complaint it acted in conjunction with the Stark County Prosecutor's Office to provide HSH with 1,582 pages of responsive "records consisting of docket entries, journal entries, and voluminous other records consisting mostly of information publicly available on court dockets." (Response at 13.) The Sheriff's Office attached copies of a number of these records to its response. Although these criminal court documents clearly do not constitute all the Sheriff's Office investigatory records responsive to HSH's request, the special master finds the claim for production is moot as to the particular records so provided.

**Claimed Exceptions**

{¶17} Because the claim is conclusively barred for failure to comply with R.C. 149.43(B)(8), it is unnecessary to address any federal or state statutory exception that the Sheriff's Office asserts for the requested records. *See Staats* at ¶ 8.

**Conclusion**

{¶18} Upon consideration of the pleadings and attachments, the special master recommends the court find that HSH has failed to establish by clear and convincing evidence that the Sheriff's Office violated R.C. 149.43(B) with respect to its request for records related to criminal investigations and prosecution. The special master recommends that costs be assessed to requester.

{¶19} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after*

*receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed July 6, 2021**
**Sent to S.C. Reporter 8/6/21**