[Cite as *Whitehead v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-424.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| DENNIS WHITEHEAD | Case No. 2022-00436PQ |
| Requester | Special Master Jeff Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION – BUREAU OF RECORD MANAGEMENT | |
| Respondent | |

{¶1} The Ohio Public Records Act (PRA) requires copies of public records to be made available to any person upon request. The state policy underlying the PRA is that open government serves the public interest and our democratic system. *State ex rel. Gannett Satellite Information Network, Inc. v. Petro*, 80 Ohio St.3d 261, 264, 685 N.E.2d 1223 (1997). To that end, the public records statute must be construed liberally in favor of broad access, with any doubt resolved in favor of disclosure of public records. *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 6. This action is filed under R.C. 2743.75, which provides for an expeditious and economical procedure to enforce the PRA in the Court of Claims.

{¶2} On June 14, 2021, requester Dennis Whitehead made a public records request to respondent Ohio Department of Rehabilitation and Correction (ODRC) seeking all "ODRC documents * * * regarding Posteal LASKEY, Jr. (born June 18, 1937 Cincinnati, Ohio; died May 26, 2007 Pickaway Correctional Institution) during his tenure in ODRC custody." (Complaint at 3-5.) Whitehead elaborated this comprehensive request with additional requests and questions – some sweepingly broad, others relatively specific, and many of them overlapping, including:

> Basic physical descriptions, including his eyesight (visual acuity) as eye exams are exempt from the prohibitions of R.C. 5120.21. He wore glasses – why? Also, whether he walked with assistance (cane or walker), not asking about the condition, simply his physical appearance that all could see and not a matter strictly between doctor and patient.

(*Id.*); and "public letters submitted to the Ohio Parole Board each time Posteal Laskey, Jr. was eligible for review" (*Id.* at 3); and a second "catch-all" request for all "[n]on-medical documents pertaining to Posteal Laskey, Jr." (*Id.* at 4); and "[r]ecords pertaining to Posteal Laskey, Jr. as inmate #323 926 at the Boys Correctional Institution (BCI) (*Id.*); and [r]ecords pertaining to Posteal Laskey, Jr. as inmate #58249 at the Ohio State Reformatory (OSR) from February 28, 1958 to his release on February 21, 1962" (*Id.*); and "[r]ecords pertaining to Posteal Laskey, Jr. as inmate #124 990 beginning on May 8, 1967 when Laskey was sent to the Ohio State Penitentiary (OSP) in Columbus under a sentence of death" (*Id.* at 5); and "[t]he roster of inmates transferred with Laskey and their mode of transportation from OSP to SOCF on June 1, 1973" (*Id.*); and "[a] roster of inmates transferring from the SOCF to LOCI with Laskey on April 1, 1975" (*Id.*); and "[a] roster of inmates transferring from LOCI to Orient with Laskey on February 14, 1998" (*Id.*); and "[d]ocuments pertaining to Laskey's employment in the Psychology Department/ Psychological Services." (*Id.*) ODRC acknowledged receipt of the June 14, 2021 request on or about July 13, 2021 (*Id.* at 8) but never responded with either records or denial of the requests (*Id.* at 6-7).

{¶3} On May 25, 2022, Whitehead filed a complaint under R.C. 2743.75 alleging denial of timely access to public records. The matter was referred to mediation, where both parties ignored the statutory procedures and orders of this court, as well as the standards of the Public Records Act, as summarized in the court's Sept. 2, 2022 order:

> Since the filing of requester's complaint on May 25, 2022, this action has followed a course almost entirely free of compliance by either party with the procedures and standards required in this special statutory proceeding. Requester has filed a number of unsolicited, deficient, and irrelevant pleadings, disposed of by orders dated June 3, 2022 and July 18, 2022, as well as *ex parte* letters to the court. To his credit, requester has appeared for two mediation sessions on July 15, 2022 and July 29, 2022. However, respondent has failed to appear for either session, without advising the court in advance or offering any excuse afterward. Upon termination of mediation, respondent filed an "answer" one day out of rule that is a mere

notice pleading instead of the full and final response pleading required under R.C. 2743.75(E)(2). Rather than address any of the specific requests and arguments in the complaint, respondent makes only a general denial with fourteen affirmative defenses that are not accompanied by any evidence or legal argument, and an affidavit that contains nothing more than the bare assertion that "ODRC does not have any further public records that it can provide in response to his public records request."

The current state of the pleadings would require the Special Master to render a determination based primarily on which party has most clearly failed to meet its burden of proof under R.C. 2743.75 and public records case law. Before taking that course, or imposing any sanctions available to the court, the Special Master directs the return of this case to mediation with the previously assigned mediator. This cause of action under R.C. 2743.75 is intended to provide an expeditious and economical procedure to resolve public records disputes, with express reliance on initial mediation with court mediators knowledgeable in public records law. Respondent is now ORDERED to comply fully with that statutory process. The parties are encouraged to discuss and make good faith efforts to resolve any properly framed requests for specific, existing records contained in the request of June 14/July 13, 2021. (Complaint at 3-5.)

Two ensuing mediation sessions resulted in disclosure by ODRC of additional records, and additional explanations as to the non-existence of some requested records, and answers to some of requester's non-public records questions.[1] (Reply and attachments.) However, because mediation did not resolve the entire case, on November 7, 2022, ODRC filed a combined response to complaint and motion to dismiss (Response). On November 17, 2022, Whitehead filed a reply.

**Burden of Proof**

{¶4} The requester in an action under R.C. 2743.75 bears an overall burden to establish a public records violation by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). The requester bears an initial burden of production "to plead and prove facts showing that the requester sought an

---

[1] Whitehead complains that ODRC made these additional responses (Reply at 3, Exh. 2) in response to his original request rather than to the revised request he submitted during mediation. (Reply, Exh. 1.) However, new requests made during public records litigation do not relate back to the complaint. There is no cause of action based on violation of R.C. 149.43(B) unless the request was made and denied prior to the complaint. *See Strothers v. Norton,* 131 Ohio St.3d 359, 2012-Ohio-1007, 965 N.E.2d 282, ¶ 14; *State ex rel. Bardwell v. Ohio Atty. Gen.*, 181 Ohio App.3d 661, 2009-Ohio-1265, 910 N.E.2d 504, ¶ 5 (10th Dist.). Whitehead's requests as revised during mediation are therefore not before the court.

identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 33.

**Motion to Dismiss**

{¶5} To dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt the claimant can prove no set of facts warranting relief after all factual allegations of the complaint are presumed true and all reasonable inferences are made in claimant's favor. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581, 669 N.E.2d 835 (1996). As long as there is a set of facts consistent with the complaint that would allow the claimant to recover, dismissal for failure to state a claim is not proper. *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 10.

{¶6} ODRC moves to dismiss the complaint on the grounds that any claims based on requests identical to those considered in *Whitehead v. Ohio Department of Rehabilitation and Correction*, Ct. of Cl. No. 2020-00116PQ are barred by the doctrines of *res judicata* and claim preclusion. ODRC further argues that it has produced all requested records that actually exist, other than records subject to withholding under R.C. 5120.21(F) or R.C. 5120.60(G) and O.A.C. 5120:1-1-36. ODRC further argues that some requests impermissibly ask it to compile dispersed information or give narrative answers to questions. On review, the Special Master finds that none of these defenses is conclusively shown on the face of the complaint to cover all of the current requests. Moreover, as the matter is now fully briefed these defenses are subsumed in the arguments to deny the claims on the merits. It is therefore recommended the motion to dismiss be denied.

**Res Judicata and Claim Preclusion**

{¶7} The doctrine of *res judicata* provides that a "valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. "[A]n existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." *Id.* at 382. For the purposes of *res*

*judicata*, a "transaction" is defined as a "common nucleus of operative facts," which in turn rests on whether the same facts or evidence would sustain both the previous and the current action. *Bd. of Cty. Commrs. v. Roop*, 4th Dist. Ross No. 13CA3369, 2013-Ohio-5926, ¶ 14-17. See *State ex rel. Barb v. Cuyahoga Cty. Jury Commr.*, 8th Dist. Cuyahoga No. 95005, 2010-Ohio-6190, ¶ 10-12, *aff'd*, 128 Ohio St.3d 528, 2011-Ohio-1914, 947 N.E.2d 670 (repeat public records request, previously adjudicated as to the same person or designee, was *res judicata*).

{¶8} Whitehead made a previous request in 2020 for all "available public records from the incarceration of Posteal LASKEY from 1967 to his death in 2007." *Whitehead v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2020-00116PQ, 2021-Ohio-1600, ¶ 2. The court found the request in that case for was for all categories of Laskey records for the listed time period, *Id.*, and that the discretionary public records exemption in "R.C. 5120.21(F) applied to the remaining records withheld by ODRC." *Id.* at ¶ 3-5; adopted in *Whitehead v. Ohio Dept. of Correction – Bureau of Record Mgmt.* ("Whitehead I"), Ct of Cl. No. 2020-00116PQ, 2021-Ohio-1900, ¶ 10.[2] Because this court has already determined that ODRC had no duty to provide any additional records responsive to Whitehead's comprehensive request for "available public records from the incarceration of Posteal LASKEY from 1967 to his death in 2007," Whitehead's subsequent public records claims, to the extent they seek the same records from that time frame, are barred by the valid, final judgment in Court of Claims Case No. 2020-00116PQ under both *res judicata* and claim preclusion.

{¶9} ODRC erroneously asserts that "[w]hile Requester's requests for information this time may be worded differently than in *Whitehead I*, the requests seek the same exact information pertaining to Laskey." (Response at 6.) Among the current claims that were not part of the previous determination of requests for information from 1967 through 2007, Whitehead has newly requested records pertaining to a Laskey incarceration from 1958 to 1962 and a stint in "the Boys Correctional Institution" ending in 1954. (Complaint at 4; Reply, Exh. 1 at 5, Exh. 2 at 5.) Two other claims seek records of certain prison conditions

---

[2] Despite this broad ruling, and to its credit, ODRC apparently complied with the recommendation of the Special Master to reexamine a list of records to which the claimed medical exemption did not apply and provided Whitehead with additional documents. (Response at 4-5, Exh. C - Pierce Aff. at ¶ 5.)

without specific reference to Laskey and were not before the court in *Whitehead I*. The court must therefore address these claims on their merits.

### Non-Existent Records – Additional Records Earlier than 1967

{¶10} "Public records" means records *kept by* a public office. R.C. 149.43(A)(1). A public office has no duty to provide records that do not exist, or that it does not possess. *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 471, ¶ 5, 8-9. An office may establish by affidavit that all existing records in its keeping have been provided. *State ex rel. Fant v. Flaherty*, 62 Ohio St.3d 426, 427, 583 N.E.2d 1313 (1992); *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 15. The public office must clearly deny the existence of the specifically requested records. *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 56-57.

{¶11} In this case ODRC has submitted an affidavit broadly stating that it "does not have any further public records that it can provide in response to his public records request." (Response at 5, Exh. C – Pierce Aff. at ¶ 5-6). Although the affidavit lacks specificity as to records prior to 1967, ODRC did clearly deny the existence of records responsive to the requests for records of Laskey as an inmate at the Boys Corrections Institution and as an inmate at the OSR from 1958 to 1962 in an October 25, 2022 letter to Whitehead. (Reply, Exh. 2 at 5.) Whitehead does not provide any evidence to the contrary or show that ODRC maintains records of any institution for *juvenile* correction as named in his request or otherwise.

{¶12} On consideration of ODRC's minimally sufficient but uncontested denial of the existence of records responsive to these requests, the Special Master finds that Whitehead has failed to meet his burden to show by clear and convincing evidence that any records responsive to these requests exist in the possession of ODRC.

### No Duty to Answer Questions or to Assemble Dispersed Information

{¶13} Whitehead made several requests that are not specific to the incarceration of Posteal Laskey, including asking for a description of "conditions on Death Row" with "[g]eneral description and photographs" during a particular time period (Complaint at 4) and for a "[d]escription of Ward 3 (Dormitory 3-A) at PCI. Is this a special ward that is part of the Frazier Health Center?" (*Id.*) These questions are not encompassed in or barred

by the previously litigated request in Case No. 2020-000116PQ, nor do they seek "records of inmates" as that term is used in R.C. 5120.21(F). However, the initial burden remains on Whitehead to prove that the requests sought identifiable public records. *Welsh-Huggins,* at ¶ 33.

{¶14} In response to questions or requests for information that do not reasonably identify the particular records sought, a public office cannot be compelled

> to do research or to identify records containing selected information. That is, relator has not established that a governmental unit has the clear legal duty to seek out and retrieve those records which would contain the information of interest to the requester. Cf. *State ex rel. Cartmell v. Dorrian* (1984), 11 Ohio St.3d 177, 179, 464 N.E.2d 556. Rather, it is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue.

*State ex rel. Fant v. Tober*, 8th Dist. Cuyahoga No. 63737, 1993 Ohio App. LEXIS 2591, *3-4 (April 28, 1993), *aff'd*, 68 Ohio St.3d 117, 623 N.E.2d 1201 (1993). Accord *State ex rel. Lanham v. State Adult Parole Auth.*, 80 Ohio St.3d 425, 427, 687 N.E.2d 283 (1997) (request for "qualifications of APA members"). This includes requests for records supporting an agency decision. *State ex rel. Morabito v. Cleveland*, 8th Dist. Cuyahoga No. 98820, 2012-Ohio-6012, ¶ 14 (for information, including "why, how, when, and by whom" a video was destroyed); *Kovach v. Geauga Cty. Auditor's Office*, Ct. of Cl. No. 2019-00917PQ, 2019-Ohio-5455, ¶ 9-10 (seeking explanations or reasons for the execution of public functions, and to admit or deny factual representations).

{¶15} Requests that seek only narrative answers to questions, or ask for a gathering of explanatory information, do not even rise to the level of requests for records that would be subject to objection as "ambiguous" or "overly broad" per R.C. 149.43(B)(2). They are simply not requests for records *at all* and thus cannot invoke any duty found in R.C. 149.43(B). Whitehead's inquiries regarding general "conditions" and a "description" of a housing unit seek narrative answers to questions or request a search for information and are therefore not actionable under the Public Records Act.[3]

---

[3] Many of the narrower requests regarding Laskey during his incarceration, dispositively barred as *res judicata*, are also improper narrative questions or requests for information, *e.g.*, "He wore glasses – why? Also, whether he walked with assistance" (Complaint at 3); whether any records show that he assisted other inmates "as something of an informal counselor" (*Id*. at 4); "Is [Ward 3 (Dormitory 3-A)] where Laskey was

{¶16} The Special Master finds that these requests did not create a duty for ODRC to respond under the Public Records Act.

**Suggestion of Mootness**

{¶17} ODRC asserts that it has already released to Mr. Whitehead all of the public records available in Mr. Laskey's ODRC records, other than those subject to a recognized exemption. Although some of these properly withheld records are subject to mandatory exemption as medical records, the Special Master notes that ODRC has the *discretion* to release any records not subject to mandatory withholding.

{¶18} The wording of the exception in R.C. 5120.21(F), that ODRC inmate records "shall not be considered public records as defined in section 149.43 of the Revised Code," does not expressly prohibit their disclosure. It merely provides that their disclosure is not mandated. *Bello v. Ohio Dept. of Rehab. & Corr.,* Ct. of Cl. No. 2020-00129PQ, 2020-Ohio-4559, ¶ 12; 2000 Ohio Op.Atty.Gen. No. 021. The administrative rules adopted by ODRC amplify R.C. 5120.21 in this regard, providing that

> Non-public records of the department may, in the sole discretion of the director, or designee, be made available to counsel of record of an inmate or releasee, *researchers*, law enforcement agencies, *or other persons with a need for access to such documents*, subject to other restrictions on such access as may be provided by law.

(Emphasis added.) O.A.C. 5120:9-49(G). ODRC is not prohibited from disclosing additional records of inmate Laskey unless a particular record is subject to some other, mandatory, exemption provided by law.

{¶19} Despite the inartful and improper nature of many of Whitehead's requests, nothing recommended in this report precludes Whitehead from attempting to craft new, proper requests for reasonably identified ODRC records that are not records of a specific inmate, or for the parties to continue to negotiate in good faith over records that are subject to ODRC's discretionary release.

**Conclusion**

---

housed during his entire time at PCI?" (*Id.*); requests for lists of inmates sharing transportation with Laskey during institution transfers (*Id.*); and "[s]tatus of Laskey DNA on file, as previously requested." (*Id.*)

{¶20} Upon consideration of the pleadings and attachments, the Special Master recommends the court DENY the claim for production of additional records. It is recommended that court costs be assessed to requester.

{¶21} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed January 24, 2023**
**Sent to S.C. Reporter 2/14/23**